NATHAN, Judge.
City of Miami, defendant in the trial court, appeals from an adverse final declaratory judgment and mandatory injunction entered after full trial on the merits.
In the spring of 1969, City of Miami Sanitation Department workers walked off the job demanding higher pay. In order to break the strike, the City Manager increased the salaries of those employees within the Department of Sanitation, engaged in collection of garbage, by 30 cents per hour. Section 90 of the Charter of the City of Miami states:
“The City Manager shall fix the number and salaries or compensation of all other offices and employees. The salaries or compensation so fixed shall be uniform for like services . . . ”
This action was filed in the circuit court against the City of Miami by five individual equipment operators or laborers employed by the City of Miami Parks Department and the Miami Department of Water & Sewers, on behalf of all laborers and equipment operators similarly, situated. The complaint alleged that failure to grant a similar raise to other city employees in the same job classifications doing the same type of work, was arbitrary, discriminatory, unreasonable and in violation of the City Charter, • Plaintiffs sought the following relief: (1) judgment declaring their rights under Section 90 of the City Charter with regard to the city’s failure to raise their salary to the same level as employees of the Department of Sanitation who performed “like services”, and (2) injunction for the City to immediately raise the. salaries of employees performing “like services,” and to require the City to immediately pay the back pay allegedly owed to these employees.
The Court determined that the jobs performed by the plaintiffs were “like” those for which raises had been granted employees of the Sanitation Department, and declared that the named plaintiffs and the employees they represented were entitled to immediate wage readjustment.
The City complained by this appeal that the trial court had no declaratory judgment jurisdiction because the dispute was mainly factual. This is without merit. A person or class of persons, as in the instant case, who shows that he is in doubt as to the existence or nonexistence of some right, status, privilege, power or immunity, and that he is entitled to have such doubt *380 removed, is properly within the declaratory judgment jurisdiction of the circuit court, as contemplated by Fla.Stat. § 86.011, 6A F.S.A. See Ready v. Safeway Rock Co., 1946, 157 Fla. 27, 24 So.2d 808. The court has wide latitude in granting declaratory relief. Considerations influencing the discretion of the court include the imperative public interest in settlement of controversies in the disbursement of public funds, which is a factor in the case sub judice. Cf. Overman v. State Board of Control, Fla.1952, 62 So.2d 696. We find no abuse of the court’s' discretion, even though the relief sought by the declaratory judgment involved determination of factual matters.
From careful review of the testimony adduced at the trial, we find no error in the court’s determination of the factual question as to whether the services performed by plaintiffs and the employees they represent were “like services” to those performed by employees of the Sanitation Department.
For the reasons above stated, we affirm.
Affirmed.