PER CURIAM.
The appellant seeks review of a judgment of contempt entered by the trial court, in which he was fined $5,000 and sentenced to serve 60 days in county jail.
In addition, the court ordered the State Attorney for Dade County, Richard E. Gerstein, to file a motion to discipline the appellant pursuant to Rule 11.14 of Article XI of the Integration Rule of the Florida Bar.
The contempt for which the appellant was adjudicated and sentenced stemmed from his testimony before the 1973 Spring Term Interim Dade County Grand Jury. He was subpoenaed to testify in connection with the Grand Jury’s investigation of the sale of land allegedly to be used as “borrow pits” in South Dade County in an area where construction was to be performed on the South Dade Turnpike.[1]
*409 In February, 1974, the Grand Jurors filed a motion with the court for an order to show cause and a recommendation that disciplinary proceedings be instituted against the appellant.
The motion, in pertinent part, recited the following information:
“1. Mr. Charles Salem, a member of the Florida Bar, appeared before the Grand Jury on November 20th, 1973, November 27th, 1973, and January 29th, 1974. On November 20th, 1973, Mr. Salem was duly sworn and was shown a copy of a deed from A. G. Kanaar and Marianne Kanaar, his wife, to Savin Brothers, Inc. Mr. Salem was asked whether Mr. and Mrs. Kanaar were present when Mr. Salem notarized the document. In testimony before the Grand Jury, Mr. Salem answered:
‘As a notary, as having notarized that document, I must assume that they were there because I notarized it. I can’t remember the particular advantages, but obviously that is my signature and my seal, so they were there.’
“2. On November 27th, 1973, Mr. Salem was asked whether A. G. Kanaar signed a deed by which property was conveyed from A. G. Kanaar and Marianne Kanaar, his wife, to Lindgren Village, Inc. He replied before the Grand Jury, T assume he did.’ ,
“3. On January 29th, 1974, Mr. Salem, when asked whether there was any matter he wished to clarify for the Grand Jury, admitted to the Grand Jury he had signed A. G. Kanaar’s and Marianne Kanaar’s name to the deed described above, from the Kanaars to Sav-in Brothers, Inc. On further questioning by the State Attorney, Mr. Salem admitted before the Grand Jury that he signed the deed from the Kanaars to Lindgren Village, Inc.
“4. On November 27th, 1973, Mr. Salem testified before the Grand Jury that the consideration paid by Lindgren Village, Inc. to the Kanaars • for the property conyeyed by the deed described above was $250,000. When asked if there were any funds withdrawn from a certain bank account to pay the Kanaars for the property, he said ‘No.’ On January 29th, 1974, Mr. Salem testified before the Grand Jury that checks totalling approximately $71,000 were paid from the said bank account to Kanaar for the property in addition to the $250,000 previously mentioned.
“5. Mr. Salem has been evasive and has demonstrated a total lack of candor to the Grand Jury. We believe his evasiveness and failure to disclose constitute contempt of the Grand Jury and unprofessional conduct as defined by the Integration Rule or the Code of Ethics of the Florida Bar.”

Following a hearing, the court, after having read and considered the transcript of the appellant’s testimony before the Grand Jury and after affording to the appellant the opportunity to present evidence, which he chose not to do, entered the judgment now appealed.
The appellant contends that the court erred in issuing a rule to show cause based on the Grand Jurors’ motion and further in concluding that he was guilty of contempt of the Grand Jury and indirect criminal contempt of court. We disagree.
This court has reviewed carefully the testimony by the appellant before the Grand Jury which it was alleged constituted contempt. We are of the opinion that the trial court determined correctly that the character of the testimony was evasive, obstructive and contemptuous of the Grand Jury’s inquiry. See, State ex rel. Luban v. Coleman, 1939, 138 Fla. 555, 189 So. 713; Richardson v. United States, 273 F.2d 144 (8th Cir. 1959).
Next, the appellant has argued that the trial court’s direction that disciplinary proceedings be instituted against him *410 violated the immunity granted to him by the State under Fla.Stat. § 914.04, F.S.A. Appellant relies upon the Florida Supreme Court’s holding in Lurie v. Florida State Board of Dentistry, Fla.1973, 288 So.2d 223.
However, we agree with the State’s contention that the Lurie case is not applicable to the instant situation, since one who testifies before a Grand Jury is not immunized from testimony which is perju-rious, evasive or contemptuous. See, Gordon v. State, Fla.1958, 104 So.2d 524.
We also have considered the appellant’s two other points on appeal, and find that they fail to demonstrate any reversible error.
Accordingly, for the reasons stated hereinabove, the judgment and sentence appealed are affirmed.
Affirmed.

. On each occasion in which the appellant testified before the Grand Jury, he was immunized under the provisions of Fla.Stat. § 914.04, F.S.A.