475 So.2d 1295 (1985)
Phillip FERRARA, Appellant/Cross Appellee,
v.
J. Paige CAVES, Daniel J. Hoffman and Dottie Johnston, Appellees/Cross Appellants, and
Town of Pembroke Park, Appellee/Cross Appellee, and
Barbara R. Powell, As Deputy Town Clerk of the Town of Pembroke Park, Appellee.
No. 84-2502.
District Court of Appeal of Florida, Fourth District.
September 18, 1985.
Rehearing Denied October 23, 1985.
*1296 Jerome L. Hall of Jerome L. Hall, P.A., Fort Lauderdale, for appellant/cross appellee.
Edward Paul Kreiling of Rosen, Rosen, Kreiling & Bornstein, P.A., Miramar, for appellees/cross appellants.
GLICKSTEIN, Judge.
This is an appeal of an order awarding attorney's fees under section 57.105, Florida Statutes (1983), in a civil action in the Broward County circuit court, and a cross appeal of denial of attorney's fees as against other parties to the action. We reverse in both instances.
The facts show that Dottie Johnston was mayor and J. Paige Caves and Daniel J. Hoffman were commissioners of the Town of Pembroke Park. Phillip Ferrara was head of a self-constituted recall committee that sought the removal of those three officials, by collecting signatures on recall *1297 petitions and filing the petitions with the town clerk.
On April 25, 1984, the three officials filed a complaint for declaratory and injunctive relief against Barbara R. Powell, deputy town clerk, and the Town of Pembroke Park. They served the two defendants on May 15, 1984. The plaintiffs alleged the recall petitions were legally insufficient and therefore void. They obtained a temporary restraining order against the defendants' proceeding further under the recall statute on the basis of the petition, and moved for a preliminary injunction. Ferrara obtained leave on May 9, 1984, to join as an indispensable party, and was given twenty days to file responsive pleadings. On May 22, 1984, the plaintiffs filed an amended complaint, principally adding a prayer for reasonable attorney's fees. Ferrara was not named as a party defendant in either the original or the amended complaint.
On or about August 1, 1984, attorneys for all parties entered into a stipulation that the recall petitions failed to meet statutory requirements, and signaled the court that it could enforce the stipulation and final judgment. On August 22, 1984, the court by final judgment found the petitions legally insufficient and permanently enjoined the town and deputy town clerk and others from taking further steps based on the petitions. The court reserved jurisdiction to enforce the stipulation and final judgment and to adjudicate any appropriate motions as to attorney's fees and costs.
Plaintiffs/appellees Caves, Hoffman and Johnston filed on August 22, 1984, a motion for attorney's fees. The motion incorporated by reference a memorandum filed May 2, 1984, in which the plaintiffs/appellees contended they were entitled to attorney's fees from the town, based on the holding in Lomelo v. City of Sunrise, 423 So.2d 974 (Fla. 4th DCA 1982); and from both Ferrara and the town, on authority of section 57.105, Florida Statutes (1983), because there was no justiciable issue of law or fact raised by Ferrara or the town. The court issued its order on attorney's fees on November 14, 1984. It held the town and Ms. Powell were not to be taxed because they were merely nominal parties but that Ferrara should pay reasonable attorney's fees because his conduct, namely the recall activity, gave rise to the court action and he was the losing party within the meaning of section 57.105. Notice of appeal by Ferrara of the order granting attorney's fees against him and notice of cross appeal by the plaintiffs/appellees of the denial of fees against the town were timely filed. On proper motion of the appellees/cross appellants this court determined this was a proceeding to review a non-final order under rule 9.130.
There are two issues on appeal:
I. WHETHER THE TRIAL COURT ERRED WHEN IT AWARDED ATTORNEY'S FEES AGAINST THE INTERVENING DEFENDANT PURSUANT TO SECTION 57.105, FLORIDA STATUTES. We conclude that it did.
II. WHETHER THE TRIAL COURT ERRED WHEN IT DENIED ATTORNEY'S FEES AGAINST THE MUNICIPALITY, TO THE PUBLIC OFFICIALS WHO WERE THE PLAINTIFFS IN THE ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF. We conclude that it did.

I
Section 57.105, Florida Statutes (1983), provides:
57.105 Attorney's fee.  The court shall award a reasonable attorney's fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party.
Appellant Ferrara contends the trial court erred in granting the plaintiffs/appellees' attorney's fees at his expense, pursuant to the statute, because (1) Ferrara never filed a cause of action but was merely an intervenor in an action entered by the appellees, (2) the court did not find the action frivolous until the date of the order assessing *1298 attorney's fees, and (3) the Ferrara position was not frivolous in terms of the statute.
We can quickly dispose of Ferrara's second argument. It is true the trial court must make a finding the action was frivolous or completely lacking in any justiciable issue of law or fact in order for the statutory section to be applied. Apgar & Markham Construction of Florida, Inc. v. Macasphalt, Inc., 424 So.2d 41 (Fla. 2d DCA 1982). This does not mean, as appellant seems to believe, that the finding must have been made at an earlier time than the order awarding attorney's fees, but only that such a finding must explicitly be made. Clearly the finding may be made in the very order awarding attorney's fees. See also dictum in Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501, 506 (Fla. 1982).
Appellant's first argument raises a matter that is apparently one of first impression. There seems to be no case law involving award of attorney's fees under section 57.105 against an intervenor. There is nothing about the language of the statute that excludes an intervening party from its applicability, and one could envision a case where one intervened as a defendant and then stonewalled in the face of uncontrovertible facts presented by the plaintiffs. In such a case the statutory section ought to be applicable against the intervenor. It is similarly conceivable that one might intervene as a plaintiff on allegations, for example, of an interest in a res, and for it to become clear in time that by no stretch of the imagination did this plaintiff have the faintest glimmer of such an interest. Such an intervenor ought also to be able to be subjected to the penalty of this statute. Thus we think the mere fact Ferrara was an intervenor rather than a named defendant does not in itself protect him from invocation of the statute.
Whitten tells us most clearly the purpose of section 57.105 and the circumstances in which it applies:
The purpose of section 57.105 is to discourage baseless claims, stonewall defenses and sham appeals in civil litigation by placing a price tag through attorney's fees awards on losing parties who engage in these activities. Such frivolous litigation constitutes a reckless waste of judicial resources as well as the time and money of prevailing litigants. Sachs v. Hoglund, 397 So.2d at 448. See also Executive Centers of America, Inc. v. Durability Seating & Interiors, Inc.; Parkway General Hospital, Inc. v. Stern, 400 So.2d 166 (Fla. 3d DCA 1981); T.I.E. Communications, Inc. v. Toyota Motors Center, Inc.; Hernandez v. Leiva.

While the statute serves a salutory purpose, it may not be extended to every case and every unsuccessful litigant. City of Deerfield Beach v. Oliver-Hoffman Corp., 396 So.2d at 1188. Not every party that prevails in a motion for summary judgment, motion to dismiss for failure to state a cause of action, judgment on the pleadings, evidentiary hearing or trial is automatically entitled to attorney's fees under section 57.105. Hernandez v. Leiva, 391 So.2d at 294. See also Executive Centers of America, Inc. v. Durability Seating & Interiors, Inc.; Denes & Denes & Associates, Inc. v. Walter E. Heller & Co.; Allen v. Estate of Dutton; MacBain v. Bowling, 374 So.2d 75 (Fla. 3d DCA 1979). Merely losing, either on the pleadings or by summary judgment, is not enough to invoke the operation of the statute. City of Deerfield Beach v. Oliver-Hoffman Corp., 396 So.2d at 1188; Allen v. Estate of Dutton, 384 So.2d at 175.
In this case, the trial judge granted a summary judgment and awarded attorney's fees in favor of appellee. A summary judgment is rendered upon a showing that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fla.R.Civ.P. 1.510(c). This standard is not equivalent to the finding of frivolousness required by section 57.105 for an award of attorney's fees.
The position asserted by appellants was erroneous on the merits. However, *1299 their claims were not frivolous or entirely devoid of even arguable substance. Since a justiciable issue of law was raised, the trial court should not have assessed attorney's fees against appellants. Trexler v. Fiat Motor Co.; Buckner v. Allergan Pharmaceuticals, Inc.; Parkway General Hospital, Inc. v. Stern; Braden River Civic Association v. Manatee County; Appenfeldt v. Quinn; City of Deerfield Beach v. Oliver-Hoffman Corp.; Denes & Denes & Associates, Inc. v. Walter E. Heller & Co.; Hernandez v. Leiva; Allen v. Estate of Dutton.

410 So.2d at 505-06.
In the instant case the trial court said "It was Mr. Ferrara who instigated the events gave [sic] rise to this action [sic] namely, the recall action. Whereupon, the court finds it appropriate and equitable to award a reasonable attorney's fee for plaintiff's fee for plaintiffs, the prevailing parties, agzinst [sic] PHILLIP FERRARA, the intervenor who was the losing party."
As we understand the above excerpt from the trial court's order, in its view the legal insufficiency of the recall petition made for the absence of any justiciable issue of law or fact, the finding of which the court announced two paragraphs earlier. That cannot be. It is conduct in connection with the court proceeding, e.g., stonewalling by a defendant who has no glimmer of a meritorious defense, not conduct long before there is a court proceeding, that can be grounds for an attorney's fee award under this statute. To interpret the law as the trial court appears to have done is to chill the constitutional and statutory privilege belonging to Florida electors to attempt to bring about the recall of elected municipal officials. The legislature surely had no intention to chill such activity, particularly in light of the historical inartfulness of recall petitions, none of which are prepared by Philadelphia lawyers and most of which appear to be prepared in the hurried, angry fallout of a controversial vote.
While we have only appendices and not the entire record of this case, there is no basis for charging Mr. Ferrara with stonewalling a defense or in any way dragging his feet. He was quite right to offer to intervene, as he was the "instigator" of the recall petitions. Within a relatively short time of his being admitted as a party he recognized that the petitions were indeed deficient, and through counsel so stipulated. Surely there is no ground this court has been made aware of for punishing him for his role in this case  and, candidly, punishment is what the subject statutory section is about.
A trial court's finding that the position advanced by the losing party is virtually frivolous must be supported by substantial competent evidence presented at the hearing on the attorney's fees or otherwise before the court. E.g., Strothman v. Henderson Mental Health Center, Inc., 425 So.2d 1185 (Fla. 4th DCA 1983). Here, nothing indicates any imposition on either court or counsel once it became clear the petitions were legally insufficient. See Greenberg v. Manor Pines Realty Corp., 414 So.2d 260 (Fla. 4th DCA 1982).

II
The trial court is correct in not applying section 57.105 against the town or the deputy town clerk. They were parties not by choice but because of peculiarities of the recall statute, and had to defend as best they could once they were named as parties and noticed of the proceedings and claims. However, the plaintiffs/cross appellants appeal on a different ground; namely, the principle of law stated in Lomelo v. City of Sunrise. In a somewhat indirect way this court said in that opinion that a public officer is entitled to a defense at the public expense in defending suits or misconduct charges while performing his public duties and while serving a public purpose. 423 So.2d at 976. The present case is different from Lomelo and cases cited therein in that here the misconduct charges against the plaintiffs/cross appellants were in the form of recall petitions, *1300 and the court action was instituted by the public officers rather than against them. Nevertheless, their action for declaratory and injunctive relief was an effort to defend against charges of misconduct and that in the spirit of Lomelo the town is required in line with case law to pay reasonable attorney's fees the cross appellants incurred.
As cross appellants point out, the recall petitions were precipitated by their vote on a proposed rent stabilization ordinance. Thus, they were being taken to task for official actions they took in their roles as commissioners and mayor. While their vote made an insufficient basis for recall, it was nonetheless the cause of the recall attempt.
Cross appellants are also correct in saying the language of the order belies the trial judge's grasp of the significant circumstances. The court's reference to the town and its deputy clerk as nominal defendants is appropriate in the context of award of attorney's fees pursuant to section 57.105, but such circumstance is irrelevant to the applicability of the principle stated in Lomelo.
DELL and WALDEN, JJ., concur.