Mr. Charles Ian Nash City Attorney City of Sebastian 930 So. Harbor City Boulevard Suite 505 Melbourne, Florida 32901
Dear Mr. Nash:
You ask on behalf of the city council and city clerk of the City of Sebastian substantially the following question:
 Is a city council member entitled to be reimbursed by the municipality for reasonable attorney fees incurred by the council member in successfully challenging a petition for recall pursuant to s. 100.361, F.S., or for obtaining declaratory relief, where the sole grounds for recall were based on the actions of the council member performed in the course of his legislative duties while serving a municipal purpose?
In sum, I am of the opinion:
 A city council member is entitled to be reimbursed for reasonable attorney fees incurred by the council member in challenging and in seeking declaratory relief against a recall petition which was based on actions performed in the course of his legislative duties while serving a municipal purpose.
Section 100.361, F.S., sets forth the statewide uniform recall procedures for the removal from office of any member of the governing body of a municipality by the electors of the municipality. You ask about the reimbursement of attorney fees incurred by a city council member in successfully challenging a recall petition brought under the authority of s. 100.361, F.S., or in obtaining declaratory relief that the petition was not in compliance with the provisions of s. 100.361, F.S.
In Ferrara v. Caves,[1] the district court considered the obligation of a municipality to pay reasonable attorney's fees for a suit by the mayor and two council members seeking declaratory and injunctive relief against a recall petition precipitated by their votes on proposed ordinances. The court relied on its earlier decision in Lomelo v. City of Sunrise[2] in holding that the city was under an obligation to pay such fees:
 [T]his court said in [Lomelo] that a public officer is entitled to a defense at the public expense in defending suits or misconduct charges while performing his public duties and while serving a public purpose. . . . The present case is different from Lomelo and cases cited therein in that here the misconduct charges against the plaintiffs/cross appellants [mayor and city council members] were in the form of recall petitions, and the court action was instituted by the public officers rather than against them. Nevertheless, their action for declaratory and injunctive relief was an effort to defend against charges of misconduct and that in the spirit of Lomelo the town is required in line with case law to pay reasonable attorney's fees the cross appellants incurred.
 As cross appellants point out, the recall petitions were precipitated by their vote on a proposed rent stablization ordinance. Thus, they were being taken to task for official actions they took in their roles as commissioners and mayor. While their vote made an insufficient basis for recall, it was nonetheless the cause of the recall attempt.[3]
According to your letter, the recall petition was based upon the actions of the city council member "performed in the course of his legislative duties while serving a municipal purpose." Under the rationale of the court's decision in Ferrara v. Caves, supra, the city council member's challenge of the petition or action seeking declaratory relief was an effort to defend himself against charges of misconduct. The city, therefore, is required to pay the reasonable attorneys fees incurred by the council member in such efforts.[4]
Sincerely,
Robert A. Butterworth Attorney General
[1] 475 So.2d 1295 (4 D.C.A.Fla., 1985).
[2] 423 So.2d 974 (4 D.C.A.Fla., 1982), petition for rev. den.,431 So.2d 988 (Fla. 1983).
[3] 475 So.2d at 1299-1300.
[4] See generally, AGO's 87-46 (special master appointed by circuit court to hear child support enforcement matters entitled to defense at public expense in civil action); 86-35 (county commissioners entitled to defense at expense of public in defending against unfounded allegations of official misconduct, arising from performance of official duties and while serving a public purpose).