Mr. Larry M. Haag County Attorney Citrus County 107 North Park Avenue, Suite 8 Inverness, Florida 34450
Dear Mr. Haag:
You ask substantially the following question:
Is the county responsible for reimbursing the expenses incurred by a county judge in defending charges pending before the Judicial Qualifications Commission?
In sum:
Florida courts have recognized a public officer may be entitled to reimbursement for expenses in defending charges of official misconduct. Under the rationale of these cases, a county judge is entitled to reimbursement for expenses incurred in successfully defending charges pending before the Judicial Qualifications Commission provided the proceeding arises out of or in connection with the performance of the judge's official duties and serves a public purpose. Since the county judge is a state officer, reimbursement for such expenses should be sought from the state.
The courts of this state have recognized a common right of public officials to legal representation at public expense to defend themselves against charges arising from the performance of their official duties while serving a public purpose.[1] Such an obligation arises independent of statute, ordinance or charter.[2]
In Ellison v. Reid,[3] the court discussed the common law principles underlying this rule:
There is no doubt a valuable public purpose is served in protecting the effective operation and maintenance of the administration of a public office. If a public officer is charged with misconduct while performing his official duties and while serving a public purpose, the public has a primary interest in such controversyand should pay the reasonable and necessary legal fees incurred by the public officer in successfully defending against unfounded allegations of official misconduct.
Such a right is not limited to a public official's defense in civil or criminal litigation. The issue in Ellison was whether
a public official was entitled to reimbursement for legal fees incurred in defending himself against a complaint of official misconduct filed with the Florida Commission on Ethics. The right of public officials to a defense at public expense in defending charges of official misconduct filed with the Commission on Ethics was again recognized in Chavez v. City of Tampa,[4] in which the court stated that this obligation arises only when the conduct arises out of, or in connection with, the performance of the officer's official duties and while serving a public purpose.[5]
The Supreme Court of Florida in Thornber v. City of Fort Walton Beach,[6] has also recognized the principle that public officials are entitled to legal representation at public expense provided the litigation:
1) arises out of or in connection with the performance of their official duties and 2) serves a public purpose.[7]
Both prongs of the test, however, must be met. This office has consistently stated that the determination that the test has been satisfied is one which must be made by the public agency responsible for such reimbursement and not by this office.[8]
In Thornber, the Court upheld the public officer's right to reimbursement costs in defending against a recall petition which arose out of the officer's alleged malfeasance in meeting in violation of the Government in the Sunshine Law, s. 286.011, F.S., and in subsequently voting on the issues at a later public meeting. Since the vote taken at the public meeting fell within their official duties, the Court held that the first prong of the test had been met. The Court found that the second prong was also satisfied, rejecting the city's contention that defending against a recall petition only serves the elected officers' personal interests in maintaining their position. While the city has no interest in the outcome of the recall petition, the Court held that the public does have an interest, and the city has a responsibility, to ensure that the recall petition procedures are properly followed.
As this office noted in AGO 91-58, however, the public agency's responsibility to pay such defense expenses is dependent upon the outcome of the defense being successful.
This office has previously stated that circuit court judges are "state officers."[9] Such a conclusion was based upon the provisions of the State Constitution stating that judges shall be compensated only by state salaries fixed by general law, that they may be assigned to temporary duty in any court for which the judge is qualified, and that the jurisdiction of the circuit courts shall be uniform throughout the state.[10] Such a conclusion would appear to be equally applicable to county judges. The salaries, like circuit court judges, are fixed by general law, the judges may be assigned to temporary duty in any court for which they are qualified and the jurisdiction of the county courts is required to be uniform throughout the state.[11]
Therefore, inasmuch as a county judge is a state officer, reimbursement for expenses incurred in successfully defending charges pending before the Judicial Qualifications Commission should be sought from the state which must determine, prior to such reimbursement, that the proceedings arose out of or in connection with the performance of the judge's official duties and serves a public purpose.[12] A judge seeking reimbursement may wish to contact the State Courts Administrator on this matter.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, e.g., Markham v. State, Department of Revenue298 So.2d 210 (1 D.C.A. Fla., 1974); Ferrera v. Caves, 475 So.2d 1295(4 D.C.A. Fla., 1985).
[2] See, Lomelo v. City of Sunrise, 423 So.2d 974 (4 D.C.A. Fla., 1982), petition for review dismissed, 431 So.2d 988 (Fla. 1983), stating that this common law right "is not subject to the discretion of the keepers of the city coffers".
[3] 397 So.2d 352, 354 (1 D.C.A. Fla., 1981).
[4] 560 So.2d 1214 (2 D.C.A. Fla., 1990).
[5] In Chavez, however, the court held that reimbursement of a city council member's legal expenses in successfully defending a charge of unethical conduct before the Florida Commission on Ethics was not authorized. Although the charges against her arose from her vote on the city council, the court determined that her vote did not serve a "public purpose" but rather directly advanced her own private interests, i.e., voting on her petition for an alcoholic beverage zoning classification at business premises she had leased.
[6] 568 So.2d 914, 917 (Fla. 1990).
[7] And see, Branca v. City of Miramar, 602 So.2d 1374 (4 D.C.A.Fla., 1992), concluding that former mayor was entitled to representation at public expense in city's action seeking to terminate his pension benefits following its repeal of ordinance authorizing such benefits, where mayor had initiated process of drafting ordinance.
[8] See, e.g., AGO's 91-58 and 90-74.
[9] See, AGO's 85-103 and 70-167.
[10] See, ss. 14, 2(b), and 5(b), Art. V, State Const., respectively.
[11] See, ss. 14, 2(b), and 6(b), Art. V, State Const. 
[12] I note that s. 34.171, F.S., provides that "[u]nless the state shall pay such expenses, the county shall pay . . . all reasonable expenses of the offices of circuit and county court judges." I am not aware of any decision considering the payment of expenses incurred by a county judge in defending charges filed with the Judicial Qualifications Commission. However, as the county judge is a state officer, expenses reimbursable under the test set forth in Thornber should first be submitted to the state for reimbursement.