Ms. Kimberly Tucker General Counsel Department of Health and Rehabilitative Services 1317 Winewood Boulevard Tallahassee, Florida 32399-0700
Dear Ms. Tucker:
You have asked for my opinion on whether the Department of Health and Rehabilitative Services is authorized to pay attorney's fees for an employee of the agency who is called before a grand jury for investigation involving his or her official duties.
Florida courts have recognized a common law right of public officials to legal representation at public expense to defend themselves against litigation arising from the performance of their official duties while serving a public purpose.[1] The purpose of this rule is to avoid the "chilling effect" that a denial of representation might have on a public official in performing his duties properly and diligently.[2] As stated by the Fourth District Court of Appeal in Lomelo v. City of Sunrise, such an obligation arises independent of statute, ordinance or charter and "is not subject to the discretion of the keepers of the city coffers."[3]
In Op. Att'y Gen. Fla. 85-51 (1985), this office concluded that a municipality was authorized to pay for the defense of a former municipal officer charged with an ethics violation that was subsequently dismissed for no probable cause. Payment of these expenses, however, was conditioned on the city commission determining that the alleged misconduct arose from the performance of the manager's official duties while he was serving a public purpose. The conclusions reached in the opinion were based on the common law principles discussed in Ellison v. Reid, which concluded:
There is no doubt a valuable public purpose is served in protecting the effective operation and maintenance of the administration of a public office. If a public officer is charged with misconduct while performing his official duties and while serving a public purpose, the public has a primary interest in such a controversy and should pay the reasonable and necessary legal fees incurred by the public officer in successfully defending against unfounded allegations of official misconduct.
The courts have stated, however, that this obligation arises only when the conduct complained of arises out of, or in connection with, the performance of the officer's official duties and while serving a public purpose. In Chavez v. City of Tampa,[4] a city council member filed suit seeking reimbursement from the city for legal expenses she had incurred in successfully defending a charge of unethical conduct before the Florida Commission on Ethics. The charge arose from her vote as a city council member on her petition for an alcoholic beverage zoning classification at business premises she had leased.
While the council member was performing her official duties by voting and thus satisfied the first part of the test, the court determined that the second part of the test was not met since her vote did not serve a "public purpose" but rather directly advanced her own private interests. Thus, the court concluded that under the common law, the city was not required to reimburse the city council member for the legal expenditures she incurred in defending the charges.
Recently, The Supreme Court of Florida, in Thornber v. City of Fort Walton Beach,[5] recognized the common law principle that "public officials are entitled to legal representation at public expense to defend themselves against litigation arising from the performance of their official duties while serving a public purpose." Citing Chavez v. City of Tampa, supra, the Court held that in order for public officials to be entitled to representation at public expense, the litigation must:
(1) arise out of or in connection with the performance of their official duties; and (2) serve a public purpose.[6]
In Thornber, the officers' legal defense against a recall petition arose out of their alleged malfeasance in meeting in violation of the Government in the Sunshine Law and in subsequently voting on the issues at a public meeting. Since the vote taken at the public meeting fell within their official duties, the Court held that the first prong of the test had been met. The Court found that the second prong was satisfied as well since "[t]he council members' action in defending against the recall petition also served a public purpose."[7] The Court rejected the city's contention that defending against a recall petition only serves the elected officials' personal interests in maintaining their positions. While the city has no interest in the outcome of a recall petition, the Court held that the public does have an interest and the city has a responsibility to ensure that the recall petition procedures are properly followed.
While previously the courts had generally considered whether the public official was serving a public purpose at the time of the act on which the litigation was based, the Thornber Court considered whether the litigation served a public purpose. As noted above, however, the Court referred to Chavez v. City of Tampa, supra, as authority for the test. Until this matter is further clarified by the Court, this office must presume that the standard or test expressed in Thornber, as the latest expression by The Supreme Court of Florida, governs the payment of legal fees incurred by a public official in successfully defending against an ethics complaint.[8]
As is evidenced by the Chavez and Thornber cases and the pertinent Attorney General Opinions, reimbursement of attorney's fees to public officers and employees is not limited exclusively to litigation situations but has been extended to other situations where civil or criminal liability may arise from the performance of official duties while serving a public purpose.
However, your inquiry concerns the applicability of these principles to grand jury proceedings. In Florida the grand jury serves an investigative, inquisitorial, accusatorial, or informative function. It does not try or prosecute persons, since it is not an ultimate fact finder in the sense of a petit jury, and it cannot act to convict or punish.[9]
A grand jury has the power to summon or bring persons before it for the purpose of hearing testimony on issues under investigation, but the exercise of this power is discretionary.[10] A grand jury witness is not entitled to be informed of the nature of the inquiry to which he or she has been summoned.[11]
Further, statutory immunity from prosecution or penalty is granted to persons compelled to testify before the grand jury regardless of self-incrimination.[12] While, a person who testifies before a grand jury is not immunized from testimony that is perjurious, evasive or contemptuous,[13] a person testifying truthfully before a grand jury is at no risk from that appearance, in light of the immunity from prosecution afforded to a witness based on the content of his or her testimony before a grand jury, I cannot conclude that this is a proceeding in which civil or criminal liability may arise. Therefore, it is my opinion that the Department of Health and Rehabilitative Services may not pay attorney's fees for an employee of the agency who is called before a grand jury for investigation involving his or her official duties.
I trust these advisory comments will assist you in resolving this matter.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, e.g., Markham v. State, Department of Revenue,298 So.2d 210 (Fla. 1st DCA 1974); Ferrara v. Caves, 475 So.2d 1295 (Fla. 4th DCA 1985).
[2] Nuzum v. Valdes, 407 So.2d 277, 279 (Fla. 3rd DCA 1981).
[3] And see, Ferrara v. Caves, supra at footnote 1, stating that the town was required to pay reasonable attorney fees incurred by the mayor and town commissioners seeking declaratory and injunctive relief against recall petitions.
[4] Chavez v. City of Tampa, 560 So.2d 1214 (Fla. 2d DCA 1990).
[5] Thornber v. City of Fort Walton Beach, 568 So.2d 914 (Fla. 1990).
[6] Id., at 917.
[7] Supra, at footnote 5.
[8] See, Op. Att'y Gen. Fla. 91-58 (1991), concluding that if a city commission determines that an ethics proceeding arose out of or in connection with the performance of the officer's official duties and serves a public purpose, the official is entitled to legal representation at public expense.
[9] See, s. 905.16, Fla. Stat. 1993. See, generally, 33 Fla. Jur.2d "Juries" s. 127.
[10] See, 33 Fla. Jur.2d "Juries" s. 141.
[11] See, Dinnen v. State, 168 So.2d 703 (Fla. 2d DCA 1964).
[12] Section 914.04, Fla. Stat. 1993.
[13] See, Salem v. State, 310 So.2d 408 (Fla. 3d DCA 1975), cert.den., appeal dismissed without opinion, 327 So.2d 34 (Fla.).