Pursuant to the mandate of this Court (Williams v. Keyes,135 Fla. 769, 186 So. 250) a special election was held during the year 1939 in the City of Miami. The question for decision by the voters of the city was, should the appellant Williams be recalled as a Commissioner of the City of Miami or should he continue in said office? The election was held pursuant to the charter and ordinance of said city. The result thereof was that a majority of the votes cast favored his recall and he was immediately removed from office. See DuBose v. Kelly, 132 Fla. 548, 181 So. 11; Williams v. Kelly, 133 Fla. 244, 182 So. 881.
The Chancellor below entered a final decree ordering the recall election held in Williams v. Keyes, supra. The Commissioners of the City of Miami affected by the final decree supra obtained a supersedeas order and gave a supersedeas bond in compliance therewith, so as to stay the execution of the terms of the final decree, which fixed the date of holding the recall election. The supersedeas bond was given by the United States Fidelity and Guaranty Company at the direction of the Commissioners of the city then confronted by the recall election. It was clear the Commissioners, inclusive of Williams, would each be personally affected by the election rather than the City of Miami. It was to the personal interest of Williams to give the supersedeas bond and stay the final decree fixing the date of the recall election.
Suit was filed against the United States Fidelity and Guaranty Company and Williams, et al., and a joint judgment, during December, 1940, was entered against them in the sum of $4,356.00. The City of Miami was made a party to the suit on the supersedeas bond but an order of dismissal was entered against it and no appeal therefrom was ever perfected. Williams paid or satisfied the judgment and some nine years thereafter, by his bill in equity, seeks a decree of subrogation against the City of Miami for the amount paid by him on the judgment based on the supersedeas bond. The suit was brought on the theory that the supersedeas bond was the obligation of the City of Miami. An order was entered dismissing the bill of complaint. It is our view and conclusion that the supersedeas bond was not the obligation of the City of Miami. It was not interested in the result of the recall election, but such interest was personal to and the law required that the costs should be paid by appellant and not by the taxpayers of the City of Miami. Peck v. Spencer,26 Fla. 23, 7 So. 642.
Affirmed.
ADAMS, C.J., and SEBRING and HOBSON, JJ., concur. *Page 583