PER CURIAM.
The defendants below have appealed from an order of the Circuit Court of Dade County, in which it was determined that the use of public funds for the payment of special counsel to defend certain city councilmen and the City Attorney in a lawsuit was unlawful; and further, in which it was also ordered that the City Council he enjoined from dispersing any funds to the special counsel. We are asked, in effect, to determine the legality of the appropriation of those funds.
In May of 1967, Bernard Weithorn, a losing candidate for councilman in a municipal election of the City of North Miami Beach, filed a suit in Circuit Court against four of the seven members of the city council who were successful in said election. In his suit, Weithorn charged the defendants with election law violations and sought certain relief, including: a finding by the court that the defendants held office contrary to law; an order that they vacate their respective offices; an order enjoining them from performing any of their official duties other than legislative actions, pending the outcome of the case; and an order granting such other relief as may be proper and necessary. After the suit was filed, the entire city council responded with the adoption of Ordinance No. 67-7[1] which pro *646 vided that special counsel be hired and paid for by the City for the purpose of defending the Weithorn action. Thereafter, special counsel appeared in the Weithorn case and successfully defended both the trial action[2] .and the appeal thereof.[3]
After the Weithorn case was dismissed on appeal, the appellee here, John W. Estes, Jr., filed the case sub judice contending that the use of public funds for the payment of the Weithorn defendants’ special counsel constituted an illegal use of public funds for a private purpose. The substance of the lower court’s final order is recited above.
Before discussing the specific issues raised by this appeal, we should clarify that the basic question presented here is as follows: whether the City of North Miami Beach, had an interest in the Weithorn controversy which was of sufficient public importance so as to justify an .allocation of public funds for hiring special counsel to defend the action brought against the four councilmen and the city attorney in their individual names.
Ordinance No. 67-7 clearly sets forth in its preamble that in the opinion of the city council, the Weithorn action presented an emergency situation requiring the protection of the public welfare. It was upon this premise that the city council acted in allocating the funds to provide special counsel for the four members of the council and the city attorney being sued. The first question presented is whether the ordinance is an invalid exercise of power for the reason that the Weithorn suit was directed at the councilmen as individuals, rather than in their official capacities. We conclude that, notwithstanding the fact that each of the councilmen and the city attorney were being sued as individuals, for purposes of the municipal ordinance, the Weithorn action was properly treated as a situation affecting public interest. The logic behind our decision rests upon the fact that, had the council members been enjoined from performing their functions, as requested in the suit, the city would have been unable to operate its business affairs. That is to say, they could not proceed with certainty to execute contracts, to appoint inferior officials, to make payment of salaries, or to otherwise proceed with the city’s business in a certain, deliberate manner. We feel that the concern demonstrated by the city in fearing the possible effects of Weithorn’s success in his law suit is not overcome by a formality which governed the status in which the councilmen were being sued.
In Duplig v. City of South Daytona, Fla. App.1967, 195 So.2d 581, a similar situation was presented. There, the mayor of the municipality was being sued by a former city employee for defamation. It was held that the city council was warranted in providing funds because the city itself demonstrated a sufficient pecuniary interest in the outcome of the suit. In examining Weithorn’s complaint, the pleadings in that case,, the relief sought therein, and the consequences that might be suffered by the citizens of the municipality, we must conclude that the action was in fact directed ,at the defendants in their official capacities. The common underlying touchstone in Duplig and the case at bar is that there existed a pending legal action which tended to pose a threat to the effective administration ■ of municipal government. Such an action represents, in and of itself, a circumstance sufficiently tinted with public interest as to validate the appropriation of public funds for special legal counsel.
*647 The rule of law which permits a municipal corporation to retain a private attorney has been uniformly upheld in Florida. The general criterion is that a situation reasonably appear expedient for the governing authority to make such an employment. Pace et al. v. King, Fla.1949, 38 So.2d 823; Godard v. Campbell et al., 143 Fla. 419, 196 So. 814; City of Jacksonville Beach v. Waybright, 130 Fla. 525, 178 So. 401.
The next main question raised by the appellee essentially goes to the merits of whether the Weithorn action, having been directed at the alleged misconduct of the councilmen before they actually took office, was a proper matter for which the city could employ special counsel. By far, the oldest case relating to this controversy is Peck et al. v. Spencer, 26 Fla. 23, 7 So. 642. In 1890, our Supreme Court held that the hiring of a private attorney by the town council to defend a suit which challenged the validity of the mayor’s election was, in fact, a wrongful appropriation of public funds. However, we feel that the controlling decision in this matter was rendered in Miller v. Carbonelli, Fla. 1955, 80 So.2d 909. There, a quo warranto action had been brought against a municipal councilman in a class action which sought to unseat him. The action itself was directed at alleged misconduct in the election which occurred before the councilman had been admitted to office. The fees appropriated to a private attorney for the services he rendered were held to have been properly allocated by a valid exercise of municipal authority. The court expressed the feeling that the municipality itself had a primary stake in the controversy because of the fact that the effectiveness of the council and the power of the incumbent were cast in doubt as a result of the action. The court said, at page 909:
“In this quarrel within the council-manic family the issue not only immediately and directly affected the proper governance and administration of village affairs but the official action of the councilmen as electors was challenged. In this situation the council was thoroughly justified in expending public funds to insure that the action they had taken in the choice of a mayor was properly defended, and consequently to dispel any doubt about the exercise by [the mayor] of the prerogatives of the office of mayor.”
We feel the reasoning in Miller is appropriate here.
Finally, we note here that an appellate court must be first shown a clear abuse of discretion when it is asked to rule adversely to an ordinance enacted for the regulation of government. See 23 Fla.Jur. Municipal Corporations § 104; 6 McQuillan, Municipal Corporations 3rd Ed., §§ 20-47. The rationale underlying this rule of construction is that the municipalities themselves, being closer and more intimately related to the affairs which they seek to govern, are in the best position to enact proper municipal legislation. Therefore, the courts are cautioned to favor the construction which renders an ordinance legal. City of Miami v. Kayfetz, Fla. 1957, 92 So.2d 798.
It is our conclusion, after consideration of all the issues before us, that the trial court was in error by ruling that the ordinance was void ab initio. Therefore, the decree appealed is reversed.
Reversed.

. “ORDINANCE NO. 67-7 * * * WHEREAS, Paul D. Adelstein, Leonard C. Sauer, John G. Bean, and Abraham Chasan were duly elected as City Councilmen of the City of North Miami Beach on April 25, 1967, and are presently serving as City Councilmen of the City of North Miami Beach, Florida, and A. J. Kaplan was duly appointed City .Attorney on May 16, 1967 by the City Council of the City of North Miami Beach, and is presently serving the City in such capacity; and
“WHEREAS, one Bernard Weithorn has brought suit in the Circuit Court of Dade County, Florida, against the foregoing named Councilmen and the City Attorney, the same being Dade County, Florida, Circuit Court Case No. 67-7846,

}»S % & *l<
“WHEREAS, in the complaint filed in the above styled cause, the court has been requested to enjoin and restrain the foregoing Councilmen from performing their duties as such, thereby placing a cloud on any action taken by the existing City Council; and
“WHEREAS, the City Attorney, being a party to the controversy, is also hampered in the performance of his duties, as provided in the Charter of the City of North Miami Beach, * * *

“WHBREAS, an emergency presently exists because of the above styled law suit, and for the protection of the public health, safety, welfare and property, immediate legal action must be taken to properly safeguard the rights of the citizens, and to insure that any acts by the City Council and City Attorney in the performance of their official duties are proper and legal, to insure the proper defense of the above styled cause, and to insure the legality of the Council’s acts in performing its prescribed duties, it is imperative that special legal counsel be retained;
“NOW, THEREFORE, BE IT ORDAINED BY THE COUNCIL OF THE CITY OF NORTH MIAMI BEACH, FLORIDA:
“Section 1. That the City Manager is hereby authorized and directed to employ the law firm of Pallot, Silver, Pal-lot, Stern & Proby as special legal counsel to represent the defendants, in the cause styled ‘Bernard Weithorn v. Paul Adelstein, et al.’, Case No. 67-7846, * * * and that the fees to be paid said special counsel in this cause shall be as follows:
“$2,500. for representation in the Circuit Court
“$2,000. additional in the event the case is appealed to the District *646 Court of Appeal, Third District of Florida
“$1,500. additional in the event certi-orari is taken to the Supreme Court of Florida
plus costs and necessary expenses to be paid by the City of North Miami Beach in an amount not to exceed $1,000.”

. Weithorn v. Adelstein et al., Dade County Circuit Court Case No. 67-7846.

. Weithorn v. Adelstein et al., Fla.App. 1967, 201 So.2d 643 (affirming trial court).