ADKINS, Justice.
By petition for certiorari we have for review a decision of a District Court of Appeal (City of North Miami Beach v. Estes, 214 So.2d 644), which allegedly conflicts with a prior decision of this Court (Peck v. Spencer, 26 Fla. 23, 7 So. 642) on the same point of law. Fla.Const., 1885, Art. V, § 4 (F.S.A.).
Bernard Weithorn, a losing candidate for councilman in a municipal election of the City of North Miami Beach, filed a complaint against four of seven members of the city council, charging election law violations. In this suit Weithorn sought an injunction preventing the councilmen from performing any of their duties, other than legislative action, pending outcome *34 of the suit. After the Weithorn suit was filed, the city council (including the four newly elected members) adopted Ordinance No. 67-7 which provided that special counsel he retained by the city for the purpose of defending the four councilmen in the Weithorn suit. Pertinent portions of this ordinance are included in the opinion of the District Court. (214 So.2d 644, 645).
The Weithorn case was successfully defended by the special counsel. Petitioner Estes instituted this suit seeking to enjoin the city council from paying the special attorney from city funds. He contends that the use of public funds for the payment of special counsel under the circumstances constituted an illegal use of public funds for a private purpose.
The Circuit Court granted an injunction, but this judgment was reversed on appeal. Estes then petitioned this Court for cer-tiorari claiming that such decision of the District Court was in direct conflict with a former decision, passed upon a question of great public interest, and affected a class of constitutional or state officers.
The Constitution of Florida provides that this Court may review by certiorari any decision of a District Court of Appeal certified by that Court to be a decision passing upon a question of great public interest. Fla.Const., 1885, Art. V, § 4(2). See Fla.App. Rule 4.5(c) (6), 32 F.S.A. The certification is a prerequisite to our jurisdiction. See 2 Fla.App.Prac. & Proc., § 32.05. There was no certification in this case, so this ground for cer-tiorari review must fail.
A city official is not a “constitutional or state officer” within the meaning of the provisions of Fla.Const., 1885, Art. V, § 4(b), authorizing this Court to review by certiorari any decision of a District Court of Appeal that affects a class of “constitutional or state officers.” See Hakam v. City of Miami Beach, 108 So.2d 608 (Fla.1959).
Certiorari was granted because of a possible conflict, but if, after argument, it appears that the Court does not have jurisdiction, the writ should be discharged.
The basic issue presented is whether the city council exceeded its authority, or abused its discretionary power, in engaging special counsel to defend an action instituted against a majority of the city council, and the city attorney in their individual names, but in which the plaintiff sought a judicial construction of the provisions of the municipal election code and an injunction against the defendants restraining them from performing all of their official duties on behalf of the municipality other than legislative action. The alleged conflicting decisions must be considered in the light of these facts.
In Peck v. Spencer, 26 Fla. 23, 7 So. 642, relied upon for conflict, a tax-payer sought a declaration that the town council was without authority to authorize the acting mayor to employ counsel to defend at the town’s expense a suit which had been filed against the acting mayor by the defeated candidate to test the legality of the town election. The election contest in the Peck case did not affect the ability of the town council to perform their functions and the city had no interest in the outcome. The facts are, therefore, distinguishable, but the rule of law set forth by the Court is applicable. The Court said:
“And now, admitting the right of corporations to sue and to defend suits, and to protect their officers in the lawful discharge of their duties, to be correct, still, where did the town council of Daytona derive their powers to appropriate money in the defense of contested elections in the result of which the corporation had no pecuniary interest whatever ? Such power is not given in its charter, either expressly or by reasonable implication. These contests are personal, and the corporation can have no interest in the result, and *35 an appropriation to pay any one of the parties the expenses he may be put to is without legal authority.
“An ordinance making an appropriation of the funds of a town or city, derived from taxation, for purposes wholly beyond the purview of municipal grant, is a wrongful appropriation of the funds held in trust for the tax-payers and people to pay the alimony and legitimate expenses of the town or city, and is, in short, ultra vires, null and void. Resident tax-payers have the right to invoke the interposition of a court of equity to prevent an illegal disposition of the moneys of a municipal corporation, or the illegal creation of a debt which they, in common with other property holders, may otherwise be compelled to pay.” (Emphasis supplied.)
Also, in Williams v. City of Miami, 42 So.2d 582 (Fla.1949), cited by petitioner, the Court found that the city commission had no interest in a suit involving the stay of a recall election of one commissioner.
On the other hand, in Miller v. Carbonelli, 80 So.2d 909 (Fla.1955), the services of the attorney were rendered in a quo warranto proceeding which not only directly affected the proper governance and administration of village affairs but the official action of the remaining councilmen who elected the mayor. The quo warranto proceeding was brought by one councilman against another who had been elected mayor by the councilmen. In Duplig v. City of South Daytona, 195 So.2d 581 (Fla.App. 1st Dist. 1967), the attorneys’ services were rendered in a defamation suit brought by a former city clerk, who served at the pleasure of the city council, against the mayor. The suit was based upon statements made by the mayor to the council concerning the city clerk. The Court found that the city had a pecuniary interest in seeing that the mayor brought to the attention of the council information concerning the conduct of officials serving at the pleasure of the council, and held it appropriate for the city council to determine that the suit was brought against the mayor in his official capacity.
The granting of an injunction in the Weithorn case would prevent the city from continuing the operation of its business affairs during the pendency of the litigation as the injunction would have enjoined four of the seven councilmen. The three councilmen not involved could perform no functions for the city. Many questions concerning the validity of contracts, the appointment of officials, and the payment of salaries would have arisen if an injunction in the Weithorn suit had remained in effect. Being concerned about the chaotic condition which might ensue and being confronted with the effect of such an injunction on the public welfare and property of the municipality, it was not an abuse of discretion for the city council to determine that the city had an interest which would be affected by the outcome of the proceedings. This case falls within the reasoning of Miller v. Carbonelli, supra, and Duplig v. City of South Daytona, supra. There is no conflict between the well-reasoned opinion of the District Court and the cases cited by petitioner. The writ of certiorari is discharged.
ERVIN, C. J., and ROBERTS, CARLTON and BOYD, JJ., concur.
DREW, J., and CULVER SMITH, Circuit Judge, dissent.