QUESTION: May a board of county commissioners reimburse individual county commissioners for legal expenses incurred in defending a damage suit against them for some official action taken, when, in addition to legal counsel retained by the board to represent the county and all the individual defendants, said county commissioners retained personal counsel to represent them as individuals?
SUMMARY: In the absence of exceptional circumstances, the expenditure of county funds to pay additional private counsel to represent county officials in defending lawsuits for damages brought against them as a consequence of some official action taken by them in the course of their official duties will be unwarranted and constitutes an abuse of discretion. Ordinarily, the services of an available and qualified county attorney will be sufficient to adequately represent the public interest in such lawsuits, and must, therefore, be utilized. The general rule with respect to the expenses of public officials is as follows: Where a public duty is demanded of an officer without provision for any compensation, the expense must be borne by the public for whose benefit it is done. However, in order to justify indemnification of a public officer for an expense incurred in the discharge of his official duties, the officer must have acted in good faith, in the discharge of a duty imposed or authorized by law, and in a matter in which the government has an interest. [See] 67 C.J.S. Officers s. 91, p. 329; AGO 071-166. In AGO 071-166, it was concluded that, consistent with the foregoing rule, state funds may be used to pay the expense of defending a public official sued for slander for a statement made by such official in the course of his public duties. Cf. AGO's 071-185, 071-276, and 072-33. This conclusion was based on the premise that the state has some interest in protecting its officials from the expense of defending unwarranted suits arising out of their official actions. Cf. AGO 054-206, August 23, 1954, Biennial Report of the Attorney General, 1953-1954, p. 137, in which it was stated that "[p]ublic officers in the performance of their official duties should, so far as possible, be protected against fear of reprisal by way of responding in damages." See also Duplig v. City of South Daytona,195 So.2d 581 (1 D.C.A. Fla., 1967); Miller v. Carbonelli,80 So.2d 909 (Fla. 1955). Thus, it is clear that, if available and properly budgeted and appropriated, public funds may be expended in proper circumstances to defend public officials against damage suits arising out of the performance of their public duties. It is less clear, however, to what extent the legal expenses of such public officials may be paid with public funds, if the services of a publicly employed attorney, available and qualified to conduct the defense, are not utilized. In this regard, it was ruled in AGO 071-166 that, where a publicly employed attorney is available and qualified to act, the officials being sued should avail themselves of the services of such attorney rather than employ a personal attorney; and I continue to adhere to this ruling. On the other hand, exceptional circumstances may exist in a particular instance which necessitate additional private counsel. For example, in City of North Miami Beach v. Estes, 214 So.2d 644 (3 D.C.A. Fla., 1968), petition for cert. dismissed, 227 So.2d 33 (Fla. 1969), the court upheld the expenditure of municipal funds to pay the legal fees of a private attorney who had been retained by city councilmen who, together with the city attorney, were sued for election law violations. See also City of Jacksonville Beach v. Waybright, 178 So. 401 (Fla. 1938), which upheld the employment of a special private counsel in a lawsuit in which one branch of a municipal government attempted to sue another. In sum, therefore, the extent to which public funds may be expended to pay the legal expenses of public officials is a factual determination which can be made only with knowledge of the circumstances of a particular situation. Ordinarily, however, the services of a publicly employed attorney, available and qualified to act, will be sufficient to protect the public interest; and in the absence of exceptional circumstances, the expenditure of public funds for additional private counsel will be unwarranted and constitute an abuse of discretion.