418 So.2d 1155 (1982)
Sam TAYLOR, Chairman of the Municipal Recall Committee of Fort Walton Beach, Appellant,
v.
Patricia M. THORNBER and John R. Franklin, Appellees.
No. AG-178.
District Court of Appeal of Florida, First District.
August 25, 1982.
*1156 F. Lloyd Blue, Jr. and J. LaDon Dewrell, of Dewrell, Blue & Brannon, Fort Walton Beach, for appellant.
George E. Day, Fort Walton Beach, for appellees.
JOANOS, Judge.
This case and the companion case of Taylor v. Bagley, 418 So.2d 1156, Case No. AG-179, released this date, involve an attempt to recall members of the municipal government of Fort Walton Beach. Of relevance here is the fact that the trial court entered a temporary and then a final injunction halting the recall effort. Section 100.361(6), Florida Statutes (1979), provides:
When petition may be filed  Except as otherwise provided, no petition or recall of any member of the governing body of a municipality shall be filed until he has served 1/4 of his term of office... .
Since the officials challenged had not served one-fourth of their terms of office, the judge held that the petitions were untimely. We affirm.
The argument of appellant concerning statutory construction and statutory language is based on appellant's apparent belief that the statutory language discussed was in effect at the time of this action. Unfortunately (for him), this is not the case; the statute was amended in pertinent part[1] in 1977, not 1981 as stated in the brief. Furthermore, the attorney general's opinion relied upon interpreted the 1974 statute, not the post-1977 statute. Accordingly, we find the argument without merit.
We further note that appellee's brief argues at some length about the merits of the allegations in the recall petitions. The merits of the allegations are irrelevant to the issue on appeal.
As for the merits, we find the provision of Section 100.361(7) to be straightforward and unambiguous. Accordingly, the decision of the trial judge is AFFIRMED.
LARRY G. SMITH and THOMPSON, JJ., concur.
NOTES
[1] The argument focused on the "as otherwise provided" language of Section 100.361(6) and the language of Section 100.361(1)(b). Prior to 1977, the latter section stated that grounds for removal shall "include" specified acts. Chapter 77-175, Laws of Florida, amended that provision to state that grounds shall "be limited to" the specified acts.