568 So.2d 914 (1990)
Patricia THORNBER, et al., Petitioners,
v.
CITY OF FORT WALTON BEACH, Respondent.
No. 74494.
Supreme Court of Florida.
October 11, 1990.
*915 George E. Day and Timothy I. Meade of George E. Day, P.A., Ft. Walton Beach, for petitioners/cross-respondents.
*916 James E. Moore, Bert Moore and Alice H. Murray of Moore, Kessler & Moore, Niceville, for respondent/cross-petitioner.
McDONALD, Justice.
We review City of Fort Walton Beach v. Grant, 544 So.2d 230 (Fla. 1st DCA 1989), based on express and direct conflict with Ferrara v. Caves, 475 So.2d 1295 (Fla. 4th DCA 1985). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve in part and quash in part Grant and approve Ferrara.
This case involves claims by Fort Walton Beach city council members Thornber, Franklin, and Grant for reimbursement of attorney's fees expended for private representation in six different legal and administrative matters arising from their actions while council members.[1] We discuss only the council members' claim for reimbursement of attorney's fees spent in successfully enjoining a recall petition calling for their removal from office and in defending against a federal civil rights action filed against the city, the mayor, and themselves in their official and individual capacities.
The trial court denied the recall petition claim because the council members initiated the action and section 111.07, Florida Statutes (1981), under which they claimed entitlement to fees, only allows reimbursement of prevailing defendants. The district court affirmed, relying on the same rationale. The council members now allege conflict with Ferrara which allowed town commissioners to recover attorney's fees expended in obtaining declaratory and injunctive relief from a recall petition based on a common law theory rather than on section 111.07. The council members also challenge the district court's affirmance of the trial court's refusal to award attorney's fees under section 57.105, Florida Statutes (1981), for the city's frivolous defense of their claim for fees arising from the federal civil rights action. Lastly, the council members claim appellate attorney's fees under section 59.46, Florida Statutes (1987).
As to the federal civil rights claim, the trial court awarded attorney's fees to Grant as a prevailing defendant under section 111.07 but refused to award fees to Thornber and Franklin, finding that they held a private meeting which violated sunshine laws and prevented recovery. The district court affirmed the award of fees to Grant. It reversed the decision with respect to Thornber and Franklin, however, holding that the trial court improperly tried the sunshine law violation issue and that they were entitled to reimbursement as prevailing defendants. The city now cross-petitions regarding this decision, contending that the council members did not prevail in the civil rights action by virtue of a voluntary dismissal with prejudice.[2]
We first address whether the council members are entitled to reimbursement of attorney's fees from the city for successfully enjoining the recall petition. For the reasons expressed in the district court's opinion, we agree that the council members cannot recover their attorney's fees expended in enjoining the recall petition from the city under section 111.07. In this case, however, our inquiry does not end at whether the council members are entitled to recover fees under section 111.07.
Florida courts have long recognized that public officials are entitled to legal representation at public expense to *917 defend themselves against litigation arising from the performance of their official duties while serving a public purpose. E.g., Miller v. Carbonelli, 80 So.2d 909 (Fla. 1955); Williams v. City of Miami, 42 So.2d 582 (Fla. 1949); Peck v. Spencer, 26 Fla. 23, 7 So. 642 (1890); Lomelo v. City of Sunrise, 423 So.2d 974 (Fla. 4th DCA 1982), review dismissed, 431 So.2d 988 (Fla. 1983); Ellison v. Reid, 397 So.2d 352 (Fla. 1st DCA 1981). The purpose of this common law rule is to avoid the chilling effect that a denial of representation might have on public officials in performing their duties properly and diligently. Nuzum v. Valdes, 407 So.2d 277 (Fla. 3d DCA 1981). This entitlement to attorney's fees arises independent of statute, ordinance, or charter. Lomelo, 423 So.2d at 976. For public officials to be entitled to representation at public expense, the litigation must (1) arise out of or in connection with the performance of their official duties and (2) serve a public purpose. Chavez v. City of Tampa, 560 So.2d 1214 (Fla. 2d DCA 1990). See Lomelo; Nuzum; Markham v. Department of Revenue, 298 So.2d 210 (Fla. 1st DCA 1974), cert. denied, 309 So.2d 547 (Fla. 1975).
In this case the council members' legal defense against the recall petition meets both of these requirements. The factual basis for the petition was the council members' alleged malfeasance of meeting in violation of the sunshine law and subsequently voting at a public meeting in favor of resolutions effectively dismissing the city manager and police chief.[3] Unquestionably, the vote taken at the public meeting was within their official duties. There is a sufficient nexus between the firing of these employees and the council members' official duties to satisfy the first prong of this test.[4]
The council members' action in defending against the recall petition also served a public purpose and, thus, satisfied the second prong of this test. The city does not have an interest in the outcome of a recall petition because any individual, not any specific individual, can be the officeholder at issue. Williams, 42 So.2d at 582. It does have a decided interest, however, in protecting its officers from untimely and illegal recall petitions.[5] We reject the city's contention that defending against a recall petition only serves the elected officials' personal interests in maintaining their position and is devoid of public interest. Notwithstanding that the council members have an obvious personal interest in keeping their jobs, under the circumstances of this case the public has an overriding interest in ensuring the effective and efficient functioning of its governing body. See City of North Miami Beach v. Estes, 214 So.2d 644 (Fla.3d DCA 1968), cert. discharged, 227 So.2d 33 (Fla. 1969); Duplig v. City of South Daytona, 195 So.2d 581 (Fla. 1st DCA 1967). If a recall petition is commenced, the public has an interest  and the city has a responsibility  to ensure that the recall committee follows the proper procedures, i.e., that the recall petition is facially correct. Officials should not have to incur personal expenses to ensure that a recall committee follows the proper procedures. While this case presents an unusual twist *918 in that the council members initiated the litigation and were not actually the defendants in an action against them, they were defending against a recall petition, albeit in an offensive posture. We agree with the district court in Ferrara that, in the "spirit" of common law principles, the unique circumstances of this case should not preclude the council members from recovering attorney's fees under the common law.
Thus, the only question remaining for our resolution on this matter is whether the remedy provided by section 111.07 has superseded this common law remedy so as to provide the exclusive means by which public officials may recover attorney's fees from public funds for litigation arising out of their official duties. Whether a statutory remedy is exclusive or merely cumulative depends upon the legislative intent as manifested in the language of the statute. The presumption is that no change in the common law is intended unless the statute is explicit and clear in that regard. City of Hialeah v. State ex rel. Morris, 136 Fla. 498, 183 So. 745 (1938); Harold Silver, P.A. v. Farmers Bank & Trust Co., 498 So.2d 984 (Fla. 1st DCA 1986); Sand Key Associates, Ltd. v. Board of Trustees of Internal Improvement Trust Fund, 458 So.2d 369 (Fla. 2d DCA 1984). Unless a statute unequivocally states that it changes the common law, or is so repugnant to the common law that the two cannot coexist, the statute will not be held to have changed the common law. Cullen v. Seaboard Air Line Railway, 63 Fla. 122, 58 So. 182 (1912); Peninsular Supply Co. v. C.B. Day Realty Inc., 423 So.2d 500 (Fla. 3d DCA 1982); In re Levy's Estate, 141 So.2d 803 (Fla. 2d DCA 1962).
The express language of section 111.07 makes no mention of whether it superseded the common law with regard to the circumstances under which public officials are entitled to have the state provide for their representation, so as to provide the exclusive means by which officials may recover attorney's fees from public funds. Moreover, there is nothing in the legislative history or language of the statute by which to imply such an interpretation.[6] Statutory abrogation by implication of an existing common law remedy, particularly if the remedy is long established, is not favored. 1 Am.Jur.2d, Actions § 77 (1962). See Tamiami Trail Tours, Inc. v. City of Tampa, 159 Fla. 287, 31 So.2d 468 (1947); Peninsular Supply Co. We agree with the district court that section 111.07 recognizes the common law but disagree that the legislature intended this statute to replace the common law completely. Thus, we hold that the statute is not the exclusive mechanism authorizing an award of attorney's fees to public officials defending against litigation arising from the performance of their public duties.[7] We therefore direct *919 the district court to remand this portion of this case to the trial court to order the city to reimburse the attorney's fees expended by the council members in defending against the recall petition.[8]
We now turn to the city's claim that the district court incorrectly held that the council members prevailed in the federal civil rights suit filed by police chief Ray seeking compensatory and punitive damages. Ray settled with the city, the mayor in both her official and individual capacities, and council members Thornber, Franklin, and Grant in their official capacities, and voluntarily dismissed the action with prejudice. The conditions of the settlement provided that the city was to reinstate Ray as police chief but place him on permanent disability leave. The city also agreed to pay Ray wages retroactively from the date of his firing and not to interfere with Ray's workers' compensation claim. In exchange Ray agreed not to pursue his claim for punitive damages and to dismiss his lawsuit. Several months later Ray voluntarily dismissed the council members in their individual capacities with prejudice on the condition that they would seek their attorney's fees from the city and not against Ray.
We agree with the district court that the council members prevailed in this action. In general, when a plaintiff voluntarily dismisses an action, the defendant is the prevailing party. Stuart Plaza, Ltd. v. Atlantic Coast Development Corp., 493 So.2d 1136 (Fla. 4th DCA 1986). A determination on the merits is not a prerequisite to an award of attorney's fees where the statute provides that they will inure to the prevailing party. Metropolitan Dade County v. Evans, 474 So.2d 392 (Fla. 3d DCA 1985); State Department of Health & Rehabilitative Services v. Hall, 409 So.2d 193 (Fla. 3d DCA 1982). There must be some end to the litigation on the merits so that the court can determine whether the party requesting fees has prevailed. Simmons v. Schimmel, 476 So.2d 1342 (Fla. 3d DCA 1985), review denied, 486 So.2d 597 (Fla. 1986). Ray dismissed the council members in both their official and individual capacities with prejudice, thus signalling an end to the litigation. Although Ray obtained some relief, the council members were merely signatories to the stipulated settlement and did not contribute monetarily. Any relief sought by Ray came from the city and the mayor but not from the council members. Therefore, the council members are entitled to attorney's fees under section 111.07 as prevailing defendants.
Even though the council members are entitled to reimbursement for attorney's fees incurred in the recall election and in the federal civil rights action, they are not entitled to attorney's fees in their efforts to collect those fees. They claim such a right under section 57.105.[9] The purpose of this statute is to discourage baseless claims, stonewall defenses, and sham appeals in civil litigation by placing a price tag through attorney's fee awards on losing parties who engage in these activities. Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla. 1982). While the statute serves a salutary purpose, *920 it may not be extended to every case and every unsuccessful litigant. City of Deerfield Beach v. Oliver-Hoffman Corp., 396 So.2d 1187 (Fla. 4th DCA), review denied, 407 So.2d 1104 (Fla. 1981). The city's defense of the council members' claim did not completely lack a justiciable issue of either law or fact so as to allow them to recover fees against the city under section 57.105. We therefore approve the district court's affirmance of the trial court's refusal to award the council members attorney's fees incurred in this proceeding.[10]
We therefore disapprove that portion of the district court's decision denying reimbursement of attorney's fees to the council members for successfully enjoining the recall petition and approve Ferrara. We approve the remainder of the district court's decision.
It is so ordered.
SHAW, C.J., and OVERTON, EHRLICH, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] These legal and administrative actions each arose from the same incident. City residents elected a new mayor and Thornber and Franklin as city council members, who ran on a "clean up" city government platform. Prior to being sworn into office Thornber, Franklin, and the mayor allegedly met privately and drafted several resolutions calling for the city attorney's resignation, the city manager's dismissal, and the appointment of the mayor as acting city manager. The entire city council later passed these resolutions at a public meeting with Thornber, Franklin, and Grant, who had been elected previously and had not attended the alleged "secret" meeting, voting in favor of the resolutions. As acting city manager the mayor fired the police chief.
[2] The city also cross-petitions on the district court's affirmance of the trial court's determination of the reasonable amount of fees awarded to Grant, contending that it violates Florida Patient's Compensation Fund v. Rowe, 472 So.2d 1145 (Fla. 1985). We find this claim to be without merit.
[3] The alleged sunshine law violation is of no consequence in this case. The main thrust of the recall petition was that the council members' actions led to the wrongful firing of the city manager and the police chief.
[4] The city charter provided that the city manager served at the pleasure of the city council and could be hired or fired by majority vote of the council. The charter, however, placed the responsibility of the hiring and firing of the police chief with the city manager.
[5] After the recall petitions were filed with the city clerk, the council members filed an action in circuit court to enjoin the city clerk and supervisor of elections from processing the petitions. Thornber v. Evans, Case No. 81-1532, Circuit Court for Okaloosa County. The court found that the petitions against Thornber and Franklin were filed within one month after they were elected, in violation of § 100.361(6), Fla. Stat. (1981), which prohibits the filing of a recall petition until the public official has served one-fourth of his or her term of office. The petition against Grant was timely filed, because he had been elected some two years previously, but the court found the petition invalid because the recall committee failed to follow other procedures set forth in the recall statute. The district court affirmed. Taylor v. Thornber, 418 So.2d 1155 (Fla. 1st DCA 1982).
[6] Section 111.07 as originally enacted only authorized the state to defend any tort action brought against public officials for alleged negligence arising out of the scope of their employment. In 1979 the legislature added the majority of the language pertinent to this case by amending the statute to include any civil action brought against a public official. The major cause of that amendment was the increase in federal civil rights suits against public officials. In 1980 the legislature again amended the language of the statute to encompass any civil action "arising from a complaint for damages or injury suffered as a result of any act or omission." This change occurred as a result of this Court's decision in District School Bd. v. Talmadge, 381 So.2d 698 (Fla. 1980), which held that complainants could sue public officials individually, the state, or both for the officials' tortious acts. We can find nothing in any staff analysis or report concerning either the 1979 or 1980 amendments which mentions the common law or existing law with regard to providing public officials an attorney at public expense.
[7] If the statute were the exclusive remedy by which public officials could obtain reimbursement of attorney's fees from public funds, because § 111.07 is limited to civil actions, an official's successful defense of misconduct charges brought in proceedings before the Ethics Commission would not qualify for reimbursement of attorney's fees expended in that defense. The commission is an investigatory body and located in the legislative branch of government. Commission on Ethics v. Sullivan, 489 So.2d 10 (Fla. 1986). Therefore, proceedings before the commission cannot be "civil" actions. This is further evidenced by the fact that § 112.317(2), Fla. Stat. (1989), provides that upon a finding of a violation of the Code of Ethics and a recommendation of a civil or restitution penalty, the Attorney General must bring a civil action to recover the recommended penalty. Chavez v. City of Tampa, 560 So.2d 1214 (Fla. 2d DCA 1990). Thus, public officials would not be entitled to attorney's fees under § 111.07 for their successful defense of misconduct charges before the commission, while under common law they would be so entitled. See Ellison v. Reid, 397 So.2d 352 (Fla. 1st DCA 1981).
[8] We are cognizant that the council members based their claim for attorney's fees on § 111.07 and did not attempt to recover attorney's fees on a common law theory. Even though neither party raised this issue, we hold that the council members' failure to claim fees under common law does not preclude their recovery. When more than one remedy exists, but they are not inconsistent, only a full satisfaction of the right asserted will estop the plaintiff from pursuing other consistent remedies. Furthermore, if a mistaken remedy is pursued, the proper remedy is not thereby waived. See Board of Public Instruction v. Mathis, 132 Fla. 289, 181 So. 147 (1938); McCormick v. Bodeker, 119 Fla. 20, 160 So. 483 (1935); Matthews v. Matthews, 133 So.2d 91 (Fla. 2d DCA 1961).
[9] § 57.105, Fla. Stat. (1981), states:

The court shall award a reasonable attorney's fee to the prevailing party in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party.
[10] They are not entitled to recover under § 59.46, Fla. Stat. (1987). This statute is inapplicable in this case.