PER CURIAM.
In this case, arising out of a motor vehicle accident, the jury found that the plaintiff had not sustained a permanent injury and yet they awarded damages to the plaintiff for pain and suffering and to his wife for loss of consortium.[1] Then, when the trial judge sent the jury back to deliberate with instructions to correct their error, the jury simply added the amount previously awarded for pain and suffering and loss of consortium to the damages for loss of wages and medical expenses. The error by the jury was so evident on the face of the record that the trial judge should have ordered a remittitur pursuant to section 768.043, Florida Statutes (1989).
The cross appellants argued that the trial court erred in failing to order the posting of a supersedeas bond in an amount which included twice the statutory interest rate as required by Florida Rule of Appellate Procedure 9.310(b). Originally, the trial judge had failed to order that any interest be included in the amount of the required bond. The cross appellants pointed out this error to the trial judge at a hearing and the judge ordered that the bond be supplemented, but only in an amount which was reflective of a twelve percent increase.
The record did not include a transcript of the hearing at which the trial judge ordered the cross appellees to supplement the bond. The cross appellants may not have objected to the trial judge’s order that twelve percent rather than the required twenty-four percent be added to the amount of the bond. The burden was on the cross appellants to provide a record which demonstrates that the issue has been preserved for appeal by way of timely objection, and this burden not having been met, we cannot afford the cross appellants the relief which they seek. Damkohler v. Damkohler, 336 So.2d 1243 (Fla. 4th DCA 1976).
The trial court is instructed to enter a remittitur in the amount of $2501, which the jury improperly added to the plaintiffs’ damages for loss of wages and medical expenses. We acknowledge that the party adversely affected by the remittitur has the option of demanding a new trial on the issue of damages alone. § 768.043(1), Fla. Stat. (1989).
DOWNEY, STONE and POLEN, JJ., concur.

. This was error due to the application of section 627.737, Florida Statutes (1989).