GOSHORN, Judge.
John Malone appeals from the denial of his motion for attorney’s fees and costs after the trial court dismissed an action Malone brought against the City of Satellite Beach (“the City”) while Malone was serving as a city councilman. We affirm.
The salient facts of this case are undisputed. Malone was a city councilman when he filed a complaint against the City seeking to enjoin it from adopting the 1993-94 proposed budget which he believed violated section 166.241(3), Florida Statutes (1993) and the City’s charter. The City responded, inter alia, with a motion to dismiss. The trial court granted the City’s motion and permitted Malone to file an amended complaint. Malone failed to pursue the action further, and the court dismissed his suit with prejudice. The City then filed a petition for attorney’s fees and costs pursuant to section 57.105, Florida Statutes, arguing that there was a complete absence of justiciable law or fact raised in the action. Thereafter, Malone filed his own motion for attorney’s fees and costs based on case law which, he argued, permits courts to award fees to a public official who undertakes litigation in the public interest, in good faith, and in conjunction with his official duties.
The trial court entered an order denying Malone’s motion. Regarding the City’s petition for fees and costs, the court stated:
This Court also determines, sua sponte, without notice of hearing, for purposes of avoiding a hearing on the Defendants’ Petition for Attorney’s Fees and Costs, that said petition be denied. The Court specifically finds that the Complaint presented a justiciable issue of law and fact. This matter involved interpretation of case law, and a determination regarding the minimum sufficiency of detail in the adopted budget of the City.
Malone appeals the denial of his motion for attorney fees, and the City cross appeals the denial of its 57.105 motion, contending that the sua sponte determination of its motion, without notice, denied it due process.
We begin our analysis by observing that this action is controlled by Thornber v. City of Ft. Walton Beach, 568 So.2d 914 (Fla.1990) and a line of cases citing Cahn v. Town of Huntington, 29 N.Y.2d 451, 328 N.Y.S.2d 672, 278 N.E.2d 908 (1972). In Thomber, the Florida Supreme Court discussed a public official’s right to attorney’s fees when involved in litigation. There, a group of city council members initiated an action to enjoin a recall petition calling for their removal from office. The lower court denied attorney’s fees and the supreme court reversed. In doing so, the court set forth the general rule that:
Florida courts have long recognized that public officials are entitled to legal representation at public expense to defend themselves against litigation arising from the performance of their official duties while serving a public purpose. The purpose of this common law rule is to avoid the chilling effect that a denial of representation might have on public officials performing their duties properly and diligently.
Id. at 916-17 (citations omitted) (emphasis added). The supreme court announced a two part test for lower courts to utilize when determining whether a public official is worthy of fees:
For public officials to be entitled to representation at public expense, the litigation must (1) arise out of or in connection with the performance of their official duties and (2) serve a public purpose.
Id. at 917 (citations omitted). Although the council members in Thornber had initiated the suit seeking to enjoin the recall petition, the court concluded that “the council members’ legal defense against the recall petition meets both of these requirements.” Id. (emphasis added). The court noted:
While this case presents an unusual twist in that the council members initiated the litigation and were not actually the defendants in an action against them, they were defending against a recall petition, albeit in an offensive posture.
Id. at 917-918.
We conclude that Malone’s argument fails both the general rule announced in and the specific test adopted by Thomber. First, *439 Malone was not defending himself against litigation nor was he in a defensive posture as were the council members in Thomber. Secondly, the litigation Malone initiated did not arise from the performance of his official duties. Malone’s decision to file suit was one of an individual who happened to be a city council member. He did not act in his official capacity, but rather, he pursued his course of action as any concerned citizen might. Compare Thornber, 568 So.2d at 917 (stating that “the vote taken [by the city council members] at the public meeting was within their official duties.”); Caruso v. New York City Police Dep’t Pension Funds, 72 N.Y.2d 568, 535 N.Y.S.2d 349, 531 N.E.2d 1281, 1284 (1988) (distinguishing Cahn because in that case the planning board was acting in its statutorily defined capacity as a board when it made an official decision to retain private counsel, while in Caruso, “the decision to retain counsel [wa]s not by resolution of the Board acting in its official capacity, but by individual members acting on their own without any official sanction.”). Accordingly, we hold that the trial court’s decision to deny Malone attorney’s fees was proper.
On cross-appeal, the City asserts that the trial court’s sua sponte consideration of its motion pursuant to section 57.105 without notice and a hearing denied the City due process. We find the City’s argument merit-less and therefore affirm the trial court. The City does not refute Malone’s claim that it argued the substance of its section 57.105 motion at a hearing held on January 31,1994. Rather, the City asserts that the court did not afford it an opportunity to adequately prepare because it was unaware that the motion would be at issue before the court on that date. Unfortunately, the City has failed to furnish this court with a transcript of the hearing or a statement of the proceedings pursuant to Florida Rule of Appellate Procedure 9.200(b)(4) to clarify what actually occurred during the hearing, and therefore, it has not met its burden as movant on cross-appeal. See Schulz v. Remy, 573 So.2d 1076, 1077 (Fla. 4th DCA 1991) (finding that cross-appellant carries the burden to provide the reviewing court with a record which demonstrates that the issue has been properly preserved for appeal by way of a timely objection); cf. Wright v. Wright, 431 So.2d 177, 178 (Fla. 5th DCA 1983) (“[I]f a case is considered worthy of litigating, it follows that the testimony adduced before the trier of fact should be reported and transcribed so that the appellate court could have before it a record for its consideration in the event an appeal is deemed necessary.”) (citing Gordon v. Burke, 429 So.2d 36 (Fla. 2d DCA), review denied, 438 So.2d 832 (Fla.1983)).
AFFIRMED.
W. SHARP, J., concurs.
DAUKSCH, J., concurring specially, with opinion.