ON JOINT MOTION FOR REHEARING

PER CURIAM.
Before this court is a motion for rehearing of the order awarding appellate attorney’s fees to appellant, Phyllis T.- Garvin [“Gar-vin”], to be paid by the City of Daytona Beach Shores [“City”]. In the motion, the City complains that fees cannot be awarded to Garvin because the City was never a party to the proceedings. Our review of the record of the lower court proceedings reflects that, although Franz Dorn [“Dorn”], the attorney for the City, appeared consistently on the certificates of service in the proceedings below and his name appears on the face of the record on appeal as counsel for an appellee, there indeed is no indication that the City appeared below.
When the appeal was commenced in this court, however, counsel for the City was active. Indeed, the day after the appeal was filed, Dorn filed a Request for Oral Argument on behalf of “the best interest” of the City of Daytona Beach Shores. On the same date, as city attorney, he filed an extensive *803 response to the automatic stay. “The City of Daytona Beach Shores, by and through its undersigned counsel” also filed a Motion to Amend Response to Stay and/or to File as Amicus Curiae in response to Jerome’s Motion to Strike, stating that it had assumed it was a party and asserting that it did have a stake in the outcome. The City also filed a notice that it would not file a brief.
When ordered to respond to Garvin’s motion for attorney’s fees, Dorn, on behalf of the City of Daytona Beach Shores, filed a lengthy memorandum concluding that this court had the power to order the City to pay Garvin’s fees provided the test of Thornber v. City of Ft. Walton Beach, 568 So.2d 914 (Fla. 1990) was met. This court, finding the test of Thomber had been met, accordingly ordered the appellate fees to be paid. Now, however, on rehearing, by “special appearance,” the City contends it has been adversely affected by the fees order and that it has been deprived of due process because fees were ordered even though the City was not a party and had no opportunity to defend.[1]
In response, attorney Dorn has submitted an affidavit concerning his activities on appeal in which he suggests that his reason for responding to the fees application of Garvin was that this court ordered him to do so and that the City had not authorized the acknowledgment of a duty to pay Garvin’s attorney’s fees. It therefore appears that the appropriate course of action is to withdraw our prior order awarding fees and to deny fees without prejudice to Garvin to seek reimbursement of her fees from the City. If, upon application, the City refuses to indemnify Garvin for her reasonable attorney’s fees, the parties are free to litigate the fees issue without the ambiguities of representation that are present here.
Order Awarding Fees VACATED.
GRIFFIN, C.J., W. SHARP and THOMPSON, JJ„ concur.

. The City also complains that the fees issue was not litigated below and thus could not be raised on appeal. Given that the order complained of dealt only with entitlement to appellate fees, however, this argument is specious.