SHAHOOD, J.
The sole issue presented in this appeal is whether, as a matter of law, a single fall in a nursing home can constitute a violation under chapter 400, Florida Statutes. We answer in the affirmative and reverse and remand the final summary judgment entered in this case in favor of appellee, Healthcare and Retirement Corporation of America.
Appellant, John St. Angelo, suffered a fall while he was a resident in appellee’s rehabilitation facility following brain surgery on a tumor. As a result of the fall, he broke his hip and had to undergo two replacement surgeries.
Appellant filed suit against appellee pursuant to section 400.023, Florida Statutes, alleging that appellee and its staff deprived appellant of his statutorily mandated right to receive adequate and appropriate health care and rehabilitative services. He asserted that the facility failed to provide a safe environment, failed to train its staff, and failed to provide care and services to prevent him from suffering a preventable fall.
The trial court, in granting appellee’s motion for final summary judgment, found, as a matter of law, “that the Plaintiffs claim does not amount to a violation of Chapter 400. The intent of the Florida Legislature was not to include an action such as the one at issue, within Chapter 400.” The trial court apparently concluded that appellant had not alleged a violation of any of the statutory rights guaranteed to nursing home residents under section 400.022(1), Florida Statutes (1997), but, instead, had made a claim for medical negligence.
Section 400.022(1), Florida Statutes (1997), establishes statutory rights for nursing home residents. Of the many rights that are enumerated in the statute, appellant alleged that his right to receive adequate and appropriate healthcare and protective and support services was violated. See § 400.022(l)(O- Section 400.023, Florida Statutes (1997), provides that,
(1) Any resident whose rights as specified in this part are deprived or infringed upon shall have a cause of action against any licensee responsible for the violation. the action may be brought in any court of competent jurisdiction to enforce such rights and to recover actual and punitive damages for any deprivation or infringement on the *999 rights of a resident.The remedies provided in this section are in addition to and cumulative with other legal and administrative remedies available to a resident and to the agency.
(Emphasis supplied.)
In its order, the trial court found as persuasive authority the “legislative history” from section 400.023, Florida Statutes (1997), as well as two New York cases which construed that state’s nursing home law. Because the language of section 400.023 is clear and unambiguous, however, there is no need to extrapolate a meaning from legislative intent or from cases from other jurisdictions which interpret different statutes. Contrary to appellee’s argument, the statute does not stipulate how many incidents are required to activate the protections afforded a resident. In fact, there is nothing to support appel-lee’s position that a claim for damages resulting from a single fall by a nursing home resident, which resulted from the negligence of a nursing home employee, and caused damages to the resident may not be brought under the statute.
A “cumulative remedies” clause in a statute usually does not supersede other common law remedies. For example, in Courtney Enterprises, Inc. v. Publix Super Markets, Inc., 788 So.2d 1045 (Fla. 2d DCA), rev. denied, 799 So.2d 218 (Fla.2001), the court considered whether the passing of The Water Quality Assurance Act (WQAA) precluded a property owner from pursuing a common law cause of action for diminution in value of land for damages done by dry-cleaning chemical pollution. The statute under consideration, section 376.313(3), stated “that the remedies of the WQAA ‘shall be deemed cumulative and not exclusive,’ and that a suit for damages shall remain viable.” Id. at 1048. The court interpreted the statute as a whole and concluded that common law causes of action remained viable. Id. at 1049. The court noted,
Furthermore, statutes should not be construed to abolish common law rights unless absolutely necessary. The common law causes of action asserted by Courtney in its complaint are among the oldest recognized by common law. See Prosser, Handbook of the Law of Torts (4th ed.1971). “Unless a statute unequivocally states that it changes the common law, or is so repugnant to the common law that the two cannot coexist, the statute will not be held to have changed the common law.” State v. Ashley, 701 So.2d 338, 341 (Fla.1997) (quoting Thomber v. City of Fort Walton Beach, 568 So.2d 914, 918 (Fla.1990)).
Id.; see also Commerce P’ship 8098 Ltd. P’ship v. Equity Contracting Co., 695 So.2d 383, 388 (Fla. 4th DCA 1997)(holding that Florida’s construction lien statute (§ 713.30, Fla.Stat.(1995)) does not purport to be the exclusive remedy for a lienor because it provides that the construction lien part of Chapter 713 “ ‘shall be cumulative to other existing remedies.’ The plain language of the statute does not supersede any remedies available to a party seeking payment.”); see generally Thomber, 568 So.2d at 918 (Fla.1990)(“Whether a statutory remedy is exclusive or merely cumulative depends upon the legislative intent as manifested in the language of the statute. The presumption is that no change in the common law is intended unless the statute is explicit and clear in that regard”).
We, therefore, reject appellee’s argument that appellant’s only remedy in this case was a claim for medical negligence. Thus, based on Florida law and the plain language of the statute under consideration, it was error for the trial court to grant summary judgment in favor of ap-pellee. Appellant has sufficiently alleged *1000 violations of rights which are guaranteed him under section 400.022. Nothing in the statute precludes this lawsuit or requires appellant to first bring a simple negligence action.
REVERSED AND REMANDED.
KLEIN, J., and DELL, JOHN W., Senior Judge, concur.