545 So.2d 424 (1989)
Hy STEINBERG, Appellant,
v.
CITY OF SUNRISE, Craig Smith & Associates, Craig Smith, Individually, Jock McCartney, Richard Coker, and John Montgomery, Appellees.
No. 88-0516.
District Court of Appeal of Florida, Fourth District.
June 14, 1989.
*425 Brian C. Deuschle and Christopher D. Hale of Spear & Deuschle, P.A., Fort Lauderdale, for appellant.
Linda Ann Wells and Eduardo Palmer of Fine Jacobson Schwartz Nash Block & England, Miami, for appellees.
STONE, Judge.
This is an appeal from an order awarding attorney's fees to the appellee-defendants under the federal civil rights statute, 42 U.S.C. sections 1983 and 1988. The appellant sued the city and city officers for damages incurred in an unlawful "taking," by the construction of a road on the appellant's land without consent or compensation. The complaint included claims for violation of civil rights under section 1983 and for inverse condemnation. Each of the counts involved the same operative facts. On the day of trial, the court dismissed the civil rights claim with prejudice and proceeded solely on the state remedy for inverse condemnation. The plaintiff prevailed on that claim.
The trial court, despite the plaintiff's recovery on inverse condemnation, awarded attorney's fees to the defendants pursuant to 42 U.S.C. § 1988 (1982). The court concluded that the plaintiff's section 1983 claim was frivolous and without merit. As a result, the defendants became the prevailing party on the section 1983 claim, notwithstanding the plaintiff's success on the merits on the state claim.
In Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985) the Supreme Court established that a party may not prematurely maintain a suit for the unconstitutional taking of property without due process, before first utilizing available state remedies and procedures for obtaining just compensation. See East-Bibb Twiggs Neighborhood Ass'n v. Macon-Bibb Planning & Zoning Comm'n., 662 F. Supp. 1465 (M.D.Ga. 1987).
The appellant argues that he, not the defendants, should be considered the prevailing party within the meaning of the civil rights statute because the state remedy awarded essentially the same relief that he would have received under the civil rights claim. He therefore asserts that, despite proceeding only on the state claim, *426 he nevertheless vindicated the violation of his constitutional rights.
It is not always necessary for a plaintiff to recover a judgment under section 1983 in order to be deemed the prevailing party for the purpose of recovering attorney's fees under section 1988. It is sufficient if the plaintiff succeeds on a substantial pendent state claim based on the same operative facts. Cf. Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Maher v. Gagne, 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980); Taylor v. City of Fort Lauderdale, 810 F.2d 1551 (11th Cir.), reh'g. denied, 816 F.2d 688 (11th Cir.1987); Marion v. Barrier, 694 F.2d 229 (11th Cir.1982); Williams v. Thomas, 692 F.2d 1032 (5th Cir.), cert. denied, 462 U.S. 1133, 103 S.Ct. 3115, 77 L.Ed.2d 1369 (1983). However, appellee asserts that there can be no section 1983 recovery for a claimed deprivation of a constitutional right in a case where no section 1983 remedy is permitted. Cf. McDonald v. Doe, 748 F.2d 1055 (5th Cir.1984); Luria Bros. & Co. v. Allen, 672 F.2d 347 (3d Cir.1982). See also Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City.
We need not determine whether the plaintiff should be deemed to be the prevailing party, by having vindicated a violation of his rights, in order to resolve the primary issue on appeal, the award of fees to the defendants. In order to satisfy the requirements under section 1988 for an award of fees to a defendant, it is not enough that the defendant is the prevailing party. A defendant may only recover fees for the defense of a 1983 action if the plaintiff's claim is found to be meritless, vexatious or frivolous. Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); Vandenplas v. City of Muskego, 797 F.2d 425 (7th Cir.1986).
We conclude that the trial court erred in awarding attorney's fees to the defendant. The trial court reasoned that the plaintiff's civil rights claim was frivolous and meritless because the Supreme Court, in Williamson County, had established that a party may not resort to a federal civil rights act claim under similar circumstances, without first resorting to an available state remedy. See also East-Bibb Twiggs Neighborhood Ass'n v. Macon-Bibb Planning and Zoning Comm. However, the Supreme Court's opinion in Williamson County, which resolved previously conflicting decisions, was issued long after this suit was filed, and only some two months prior to the date on which the court dismissed appellant's civil rights count.
The Williamson County case was not cited by the appellees to the trial court as a basis for dismissal, and it is undisputed that the trial court and the attorneys for all parties were not apprised of the Supreme Court's decision until after the trial. We note that the trial court has recognized that the appellant will be entitled to attorney's fees as the prevailing party on the inverse condemnation claim. We also note that earlier in the case the trial court had denied the defense motion to dismiss the civil rights count. Under these circumstances, it cannot be said as a matter of law that plaintiff's assertion of the civil rights claim was frivolous and meritless. See generally McNeese v. Board of Education for Community Unit School District 187, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963). See also Patsy v. Board of Regents of State of Florida, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982); Hobbs v. Thompson, 448 F.2d 456 (5th Cir.1971); South Cutler Bay, Inc. v. Metropolitan Dade County, 349 F. Supp. 1205 (S.D.Fla. 1972); Stearns v. Smith, 551 F. Supp. 32 (S.D.Texas 1982).
Appellant also seeks the award of appellate attorney's fees pursuant to section 1988, notwithstanding the fact that there is no order of the trial court either awarding or denying him attorney's fees on the civil rights claim. The appellant concedes that he is not entitled to fees on appeal simply because we reversed the award of fees to the appellees, unless he was also entitled to fees by virtue of vindicating constitutional rights in the trial court. In order to recover fees for the *427 appeal, he must first be found to be the prevailing party under the section 1983 claim. Here, the appellant does not have the benefit of a presumption of correctness of any finding that he was the prevailing party, nor does Steinberg appeal any error as to the absence of an award of fees under the civil rights count. The summary judgment which dismissed the civil rights count has not been appealed, and there has never been a determination in favor of the plaintiff on the merits of his civil rights claims. In any event, subsequent to Williamson County, Steinberg was not entitled to recover on a claim under section 1983. We therefore need not consider whether he prevailed on a pendent state claim arising out of a common nucleus of operative facts shared with the section 1983 claim. Here, the dismissed civil rights claim is unrelated to appellant's success under the state remedy. We therefore reject appellant's claim for attorney's fees on appeal.
The order awarding attorney's fees in favor of the defendants and against the plaintiffs is reversed.
HERSEY, C.J., and WARNER, J., concur.