567 So.2d 519 (1990)
Theresa OLDRING, Appellant,
v.
SCHOOL BOARD OF DUVAL COUNTY, Appellee.
No. 89-2899.
District Court of Appeal of Florida, First District.
September 21, 1990.
*520 Linsey Moore of Linsey Moore Law Offices, Jacksonville, for appellant.
Sharon Lee Stedman of Rumberger, Kirk, Caldwell, Cabaniss, Burke & Wechsler, Orlando, for appellee.
NIMMONS, Judge.
Appellant, plaintiff below, appeals from an order granting the defendant's motion to tax costs and attorney's fees and an order granting the defendant's motion to stay the proceedings pending payment of the costs and fees. The sole issue raised on this appeal is whether the trial court erred in awarding attorney's fees to the defendant. We find that the trial court did so err and reverse that award of attorney's fees.
This action was instituted in July 1987 in the Duval County Circuit Court. Plaintiff brought her action pursuant to 42 U.S.C. § 1983, alleging that the School Board of Duval County ("School Board") violated her civil rights by placing certain information into her personnel file without giving her an opportunity to contest the veracity of such information. Over the course of the litigation, several complaints were filed and thereafter dismissed pursuant to the defendant's motions to dismiss. Plaintiff subsequently filed a fourth amended complaint to which the defendant filed another motion to dismiss with prejudice. The trial court took the motion to dismiss under advisement after a hearing was held on the motion. In September 1988, while awaiting the court's ruling on the motion to dismiss, the plaintiff filed a notice of voluntary dismissal.
In December 1988, plaintiff refiled her lawsuit against the defendant, representing her fifth attempt to state a cause of action against the School Board. The defendant filed a motion to dismiss for failure to state a cause of action, asserting that the "fifth complaint" filed in December was in essence both factually and legally the same complaint that had already been repeatedly dismissed.
The School Board simultaneously filed a motion to tax costs and attorney's fees, and also moved for an order staying the proceedings *521 as to the new lawsuit pending payment of costs and fees incurred by the defendant in the earlier lawsuit. The School Board based its motions in part on Florida Rule of Civil Procedure 1.420(d). Rule 1.420(d) provides that if a party who has once dismissed a claim commences an action based upon the same claim against the same party, the court shall stay the proceedings until the party bringing the action pays the costs incurred in the previous action. The trial judge entered orders granting the School Board's motion to tax costs and attorney's fees following an evidentiary hearing, and granting the defendant's stay.
The general rule is that, in the absence of legislation providing otherwise, "litigants must pay their own attorney's fees." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). The case at bar was instituted pursuant to Title 42 U.S.C. § 1983, and the controlling legislation, with respect to attorney's fees and costs, is 42 U.S.C. § 1988 (Civil Right's Attorney's Fees Award Act of 1976). 42 U.S.C. § 1988 provides courts with the discretion to award prevailing parties reasonable attorney's fees as part of the costs in litigation under 42 U.S.C. § 1983.[1] Section 1988 provides in relevant part:
In any action or proceeding to enforce a provision of Sections 1981, 1982, 1983 ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.
A review of Section 1988 and the case law concerning that statute reveals certain principles concerning the award of attorney's fees in a civil rights action. First, it is clear that defendants as well as plaintiffs are entitled to an award of fees. The language of the statute does not distinguish between plaintiffs and defendants, stating only that "prevailing parties" may receive a reasonable attorney's fee. See Hughes v. Rowe, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980); Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). Second, the standard for deciding a defendant's motion for attorney's fees is different from that used when a plaintiff has made the motion. Pursuant to federal law, a defendant is not entitled to attorney's fees under Section 1988 simply because he prevails. For a defendant to succeed, he must show and the court must find that the plaintiff's claim "was frivolous, unreasonable or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co., 434 U.S. at 422, 98 S.Ct. at 701, 54 L.Ed.2d at 657. See also Hughes, 449 U.S. at 15, 101 S.Ct. at 178, 66 L.Ed.2d at 173; Lotz Realty Co., Inc. v. U.S. Department of Housing, 717 F.2d 929 (4th Cir.1983). As stated by the court in Fernandez v. Southside Hospital, 593 F. Supp. 840 (E.D.N.Y. 1984):
Even assuming arguendo defendants are prevailing parties, they are, nonetheless, not entitled to an award of attorney's fees for yet another reason. A defendant, including one who is found to have prevailed through a voluntary discontinuance of suit, is not entitled to an award of attorney's fees simply because he prevails. See, H.Rep. No. 94-1558, 94th Cong., 2d Sess. 7-8 (1976). For a defendant, the propriety of an award of attorney's fees is not measured by success alone. To recover attorney's fees, a defendant must establish that plaintiff's suit was vexatious, frivolous, groundless or brought in bad faith or to harass or embarrass him. General Camera Corp. v. Urban Development Corp., 734 F.2d 468 (2nd Cir.1984).
Id. at 844.
The plaintiff's action must be meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees. Hughes, supra, 449 U.S. at 14, *522 101 S.Ct. at 178. To assess fees against a plaintiff simply because he does not prevail would "substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of [the Civil Rights Act]." Christiansburg, supra, 434 U.S. at 422, 98 S.Ct. at 701.
In the instant case, there was no allegation of frivolousness by the defendant and no finding of such by the trial court. The defendant's motions to dismiss were essentially based on the plaintiff's failure to state a cause of action. The defendant never asked the trial court to determine whether the suit was frivolous, groundless or brought to harass the defendant. Under such circumstances, an award of attorney's fees based on the federal statute, 42 U.S.C. § 1988, is inappropriate. See Hughes v. Rowe, 449 U.S. 5, 15-16, 101 S.Ct. 173, 178-179, 66 L.Ed.2d 163 (1980) ("allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, `groundless' or `without foundation'... .").
Accordingly, the trial court's award of attorney's fees in this case is REVERSED and the cause is remanded for further proceedings consistent with this opinion.
ERVIN and WOLF, JJ., concur.
NOTES
[1] When litigation under Title 42 U.S.C. § 1983 is instituted in state courts, § 1988 still applies and the state court, in its discretion, may award attorney's fees to the prevailing party. Maine v. Thiboutot, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980).