644 So.2d 158 (1994)
In re The ESTATE OF Helen SMITH, Deceased.
Sheila R. JORDAN, as Personal Representative of the Estate of Helen Smith, Appellant,
v.
CITY OF HOLLYWOOD, a political subdivision of the State of Florida; Lieutenant David Kordzikowski; Sergeant Richard Allen; and M S and S Toyota, Inc., d/b/a Toyota of Homestead, Appellees.
No. 93-2866.
District Court of Appeal of Florida, Fourth District.
October 26, 1994.
Michael G. Kaplan, of McFann, Beavers & Kaplan, Fort Lauderdale, for appellant.
B.J. Cummins of Law Offices, B.J. Cummins, Fort Lauderdale, for appellee Richard Allen.
FARMER, Judge.
In this damages action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, the trial judge dismissed the complaint against certain police officers of the defendant City of Hollywood, including appellee Allen, on the grounds that it failed to state a cause of action. We affirmed that dismissal on appeal, Estate of Smith v. City of Hollywood, 615 So.2d 204 (Fla. 4th DCA), rev. denied, 621 So.2d 1065 (Fla. 1993), cert. denied, ___ U.S. ___, 114 S.Ct. 686, 126 L.Ed.2d 653 (1994), but denied an award of prevailing party attorney's fees for the appeal. Later the trial court awarded prevailing party attorney's fees to the successful defendant for the case in the trial court. We reverse.
Preliminarily, we address appellee's contention that appellant's failure to supply us with a transcript of the attorney's fee hearing requires an affirmance under Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979). The decision to dismiss the complaint was made, of course, without any evidence and based solely on the allegations of the complaint. As will appear in a moment, the propriety of an award of prevailing party attorney's fees turns solely on legal issues. As we held in Ronbeck Const. Co., Inc. v. Savanna Club Corp., 592 So.2d 344, 348 (Fla. 4th DCA 1992), where we have a complete record or appendix, containing all of the relevant pleading documents and the trial court's decision, we are permitted to review the legal issue on the merits. We proceed to do so here.
The entitlement to attorney's fees in this case rests on the Civil Rights Attorneys Fee Awards Act of 1976, 42 U.S.C. § 1988. Although that provision was drafted, like its model in section 706(k), Title VII, Civil *159 Rights Act of 1964, 42 U.S.C. § 2000e-5 (k), seemingly to require an award of fees in favor of every prevailing party, the Supreme Court has definitively construed the statutory text differently. The Court has essentially ruled that nearly all prevailing plaintiffs should receive their fees and that prevailing defendants should rarely recover them. Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); Hughes v. Rowe, 449 U.S. 5, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980).
This construction was thought necessary to carry out the overall purposes and intent of the act to encourage plaintiffs to vigorously enforce their civil rights, even by litigation. Id. A losing plaintiff should suffer taxation of attorney's fees only when plaintiff's claim was "frivolous, unreasonable, or groundless, or [when] plaintiff continued to litigate after it clearly became so." Christiansburg, 434 U.S. at 422, 98 S.Ct. at 701; Hughes, 449 U.S. at 15, 101 S.Ct. at 179. The Court added in Hughes "[t]he fact that a prisoner's complaint, even when liberally construed, cannot survive a motion to dismiss does not, without more, entitle the defendant to attorney's fees." 449 U.S. at 15, 101 S.Ct. at 179.
The subject of plaintiff's complaint was a highspeed chase through metropolitan city streets, resulting in the death of plaintiff's decedent. In Cannon v. Taylor, 782 F.2d 947 (11th Cir.1986), the eleventh circuit held that there is no cause of action based on the negligence, gross or otherwise, of police officers involved in a highspeed chase that results in death. See also Jones v. Sherrill, 827 F.2d 1102 (6th Cir.1987). We cannot say, however, that the relevant decisions on this kind of civil rights damages claim were so clear as to make this plaintiff's claim frivolous. Some decisions have held open the possibility of a plaintiff stating such a claim. See, e.g., Medina v. City and County of Denver, 960 F.2d 1493 (10th Cir.1992); Temkin v. Frederick County Comm'rs, 945 F.2d 716 (4th Cir.1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1172, 117 L.Ed.2d 417 (1992). And there is no definitive Supreme Court precedent positively holding such claims unavailable.
We therefore conclude that plaintiff's claim was not frivolous, unreasonable or groundless. It is true that it was dismissed on pleading grounds, and leave to amend was denied on the theory that the claim was not "viable". Still, there was a good faith basis for plaintiff to argue for an extension of existing law. As we read Christiansburg and Hughes, this statute should not be applied by judges in a way that discourages civil rights plaintiffs from arguing in a plausible case that the construction of section 1983 should be adapted to permit a certain class of claims.
We also note that today's decision is consistent with our earlier decision in the same lawsuit, in which we denied appellate attorney's fees  obviously on the same conclusion  after reviewing the trial court's dismissal of the claim.
REVERSED.
WARNER, J., concurs.
POLEN, J., dissents with opinion.
POLEN, Judge, dissenting.
The majority makes a strong argument that the absence of a transcript of the hearing which resulted in the attorney's fee award now appealed does not bar our review (and reversal). I disagree. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979). While the majority contends we need only to look at the pleadings, the ultimate dismissal of plaintiff's complaint against Allen, and the federal case law interpreting the 1976 attorney's fee provision of 42 U.S.C. § 1988, I contend that this is not sufficient to allow meaningful appellate review. There certainly are some situations where the absence of a transcript does not preclude appellate review, and I am not unmindful of the economic realities of requiring the attendance of a court reporter, and ultimate transcription, where the hearing is anticipated to be solely legal argument based on pleadings of record. Nonetheless, few would disagree that the better practice is to have a transcript. Without knowing the arguments that were presented to the trial court, what waivers or concessions might have been made, *160 much less any commentary by the trial judge that would reflect the basis for his award, I don't think the appellant has met her burden necessary to overcome the trial court's presumption of correctness. I would affirm.