920 So.2d 1260 (2006)
Lillie T. McCOY, Appellant,
v.
PINELLAS COUNTY, Appellee.
No. 2D05-2243.
District Court of Appeal of Florida, Second District.
March 1, 2006.
Ronald L. Nelson of Ronald L. Nelson, P.A., St. Petersburg; and Craig L. Berman, St. Petersburg, for Appellant.
Dawn Siler-Nixon of Ford & Harrison LLP, Tampa, for Appellee.
ALTENBERND, Judge.
Lillie T. McCoy appeals an order awarding attorneys' fees to Pinellas County pursuant to section 760.11(5), Florida Statutes (2003). The fees were awarded after Ms. McCoy voluntarily dismissed her action under chapter 760, Florida Statutes (2003), the Florida Civil Rights Act, and section 440.205, Florida Statutes (2003), in order to comply with Pinellas County's demand that she abide by the notice provisions of section 768.28, Florida Statutes (2003). We reverse because the trial court did not interpret section 760.11(5) "in a manner consistent with federal case law involving a Title VII action," as is required by that statute.
Ms. McCoy is an African-American woman who worked for Pinellas County as a Worknet Program Manager. While employed in April 2003, she filed an internal charge of discrimination claiming that the County discriminated by paying African-American employees less than other employees. In May 2003, she followed up with a formal complaint to the Florida Commission on Human Relations. See § 760.11, Fla. Stat. (2003). While her complaint was pending, the County fired Ms. McCoy on June 27, 2003. She amended her complaint to include a claim for retaliation.
When the 180-day claims period under section 760.11(3) expired without action by the Commission, Ms. McCoy filed her lawsuit alleging two counts: a claim for violation *1261 of chapter 760 and a separate claim for violation of section 440.205, which provides a cause of action for retaliatory discharge arising from a workers' compensation claim. Even though the County had received formal notice of Ms. McCoy's chapter 760 claim under the administrative procedures for that chapter, the County moved to dismiss the lawsuit demanding that Ms. McCoy also comply with the notice requirements applicable to tort claims under the waiver of sovereign immunity in section 768.28(6), which requires an aggrieved party to present its claim in writing to the appropriate state agency and the Department of Financial Services. Initially, Ms. McCoy took the position that her presuit notifications satisfied section 768.28(6), but ultimately she decided to take a voluntary dismissal, provide the statutory notice, and refile her lawsuit. Although the order on appeal was entered in this first lawsuit, the parties agree that the lawsuit was refiled after Pinellas County did not settle within the claims period provided by section 768.28(6)(d).
After Ms. McCoy voluntarily dismissed her first lawsuit, the County filed a motion seeking costs and attorneys' fees. The County's right to receive costs is not contested in this appeal. In its motion, the County claimed it was entitled to prevailing party attorneys' fees under section 760.11(5) in the amount of $16,851.50. It relied on Thornber v. City of Fort Walton Beach, 568 So.2d 914, 919 (Fla.1990), to support its claim that it became the prevailing party when Ms. McCoy voluntarily dismissed her action. The trial court agreed that the County was entitled to costs and attorneys' fees but concluded the $16,851.50 in attorneys' fees sought by the County was excessive. Its order awarded the County attorneys' fees in the amount of $4400. Ms. McCoy appeals that order.
Ironically, if Ms. McCoy had simply held to her initial position about notification, she would have been correct. During the pendency of this appeal, the supreme court held that the notice provisions of section 768.28 do not apply in the context of a claim under chapter 760. See Maggio v. Fla. Dep't of Labor & Employment Sec., 899 So.2d 1074 (Fla.2005). Under Maggio, there was no need to dismiss this lawsuit. Admittedly, the case law does require that a notice under section 768.28 must be submitted in order to pursue a claim under section 440.205. See, e.g., Osten v. City of Homestead, 757 So.2d 1243 (Fla. 3d DCA 2000); Kelley v. Jackson County Tax Collector, 745 So.2d 1040 (Fla. 1st DCA 1999). Thus, at worst, this action needed to be stayed while Ms. McCoy complied with the notice provisions that affected only count II of her complaint.
Pinellas County relies on Thornber for the proposition that when a plaintiff voluntarily dismisses an action, the defendant becomes the prevailing party. However, Thornber is distinguishable primarily because it did not involve a claim for attorneys' fees in an action filed under the Florida Civil Rights Act. Although a voluntary dismissal by the plaintiff may provide a sufficient predicate for the defendant to seek attorneys' fees, entitlement to such fees is determined by, and is dependent upon, the specific statute under which the fees are sought.
The relevant statutory authorization for attorneys' fees based on a claim under the Florida Civil Rights Act allows attorneys' fees to the extent that they are awardable in a Title VII action and states in part:
In any action or proceeding under this subsection, the court, in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs. It is the intent of the Legislature that this provision for attorney's fees be interpreted in a manner consistent with federal case law involving a Title VII action.
*1262 § 760.11(5), Fla. Stat. (2003). Thus, this statute creates discretionary authority permitting a court to award reasonable attorneys' fees under the guidelines typically used for Title VII actions.
Although Title VII gives courts the discretion to award prevailing party attorneys' fees, it does not indicate when a party is considered "prevailing." See 42 U.S.C. § 2000e-5(k) (2003). The Supreme Court has held that courts should only award attorneys' fees to Title VII defendants if the plaintiff's suit was "frivolous, unreasonable, or without foundation." Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n, 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); see also Oldring v. Sch. Bd. of Duval County, 567 So.2d 519 (Fla. 1st DCA 1990) (holding even if it were concluded defendant in Title VII action was "prevailing," it was not entitled to attorneys' fees because it did not prove the action was frivolous or groundless).
Here, Pinellas County did not allege that Ms. McCoy's action was unreasonable or frivolous. Likewise, it never attempted to prove as much, nor did it ask the trial court to determine whether the suit was frivolous or groundless. Thus, it was inappropriate for the trial court to award prevailing party attorneys' fees to Pinellas County under section 760.11(5). At this point, any future decision as to attorneys' fees should be made in the renewed lawsuit, depending upon the outcome of that case, and not in this case.
Reversed and remanded with directions to the trial court to strike the award of attorneys' fees.
DAVIS, J., and BARBAS, REX M., Associate Judge, Concur.