WELLS, Judge.
 

 Feme C. Labati, former Head Coach of the University of Miami’s women’s basketball program, appeals from a final summary judgment entered in the University’s favor on her claims of age and gender discrimination and from an order awarding attorneys’ fees to the University as part of a cost award in that action.
 
 See
 
 §§ 760.01-.10, Fla. Stat. (2008) (Florida’s Civil Rights Act); § 760.11(5), Fla. Stat (2008) (authorizing an award of attorney’s fees as part of a cost award in civil rights actions).
 

 After the University exercised its contractual right to buy out the remaining year of its contract with Labati, she filed suit. As Labati herself conceded, the University offered at least three legitimate business justifications for its decision.
 
 See Tex. Dep’t of Cmty. Affairs v. Burdine,
 
 450 U.S. 248, 260, 101 S.Ct. 1089, 67
 
 *887
 
 L.Ed.2d 207 (1981) (“When the plaintiff has proved a prima facie case of discrimination, the defendant bears only the burden of explaining clearly the nondiscriminatory reasons for its actions.”). Under the three-tier analysis set forth in
 
 McDonnell Douglas Corp. v. Green,
 
 411 U.S. 792, 802-04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), once the University produced legitimate, nondiseriminatory reasons for its actions, the burden shifted back to Labati to demonstrate that the employer’s articulated reasons for the adverse employment action were a mere pretext for discrimination.
 
 See Reeves v. Sanderson Plumbing Prods., Inc.,
 
 530 U.S. 133, 143, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (observing “plaintiff — once the employer produces sufficient evidence to support a nondis-eriminatory explanation for its decision— must be afforded the ‘opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination’ ” (quoting
 
 Burdine,
 
 450 U.S. at 253, 101 S.Ct. 1089)). We agree with the trial court that Labati’s evidence failed in this regard and that her attempt to show pretext through the University’s treatment of other head coaches was unsuccessful.
 
 See Holifield v. Reno,
 
 115 F.3d 1555, 1562 (11th Cir.1997) (confirming that where a plaintiff fails to show the existence of a similarly situated employee, summary judgment may be appropriate where no other evidence of discrimination is present).
 

 Accordingly, because the University met its burden of demonstrating the nonexistence of any genuine issue of material fact and because Labati failed to meet her evidentiary burden, the final order granting summary judgment in the University’s favor is affirmed as to Labati’s claims of age and gender discrimination.
 

 We do, however, agree with Laba-ti’s position that the trial court abused its discretion in awarding the University its attorneys’ fees. Section 760.11(5), Florida Statutes (2008), provides:
 

 In any action or proceeding under this subsection, the court, in its discretion, may allow the prevailing party a reasonable attorney’s fee as part of the costs. It is the intent of the Legislature that this provision for attorney’s fees be interpreted in a manner consistent with federal case law involving a Title VII action.
 

 “Consistent” federal case law clearly establishes that fees should not have been awarded in this case.
 
 See Christiansburg Garment Co. v. E.E.O.C.,
 
 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978) (concluding that district courts may only “award attorney’s fees to a prevailing defendant in a Title VII case upon a finding that the plaintiffs action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith”);
 
 see also Humane Soc’y of Broward County, Inc. v. Fla. Humane Soc’y,
 
 951 So.2d 966, 969 n. 1 (Fla. 4th DCA 2007) (“Florida has already adopted the
 
 Christiansburg
 
 standard in cases brought under Florida’s Civil Rights Act.
 
 See McCoy v. Pinellas County,
 
 920 So.2d 1260 (Fla. 2d DCA 2006);
 
 see generally Estate of Smith v. Hollywood,
 
 644 So.2d 158 (Fla. 4th DCA 1994);
 
 Oldring v. School Bd. of Duval County,
 
 567 So.2d 519 (Fla. 1st DCA 1990);
 
 Steinberg v. City of Sunrise,
 
 545 So.2d 424 (Fla. 4th DCA 1989).”).
 

 The summary judgment entered in the University’s favor is, therefore, affirmed. That portion of the cost judgment awarding attorneys’ fees to the University is, however, reversed.